# STATE OF OREGON,
## *Respondent,*
### *v.*
# KATHLEEN LOIS HIBBS,
## *Appellant.*

## (No. K29886, CA 15306)

605 P2d 723

Marshall L. Amiton, Portland, argued the cause and filed the brief for appellant.

[179]

Christian W. Van Dyke, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant appeals from her conviction for driving under the influence of intoxicants. She assigns as error the denial of her motion for judgment of acquittal on the ground that the uniform traffic citation alleged the infraction to have occurred on June 5, 1979, whereas the proof was that it occurred on May 5, 1979.

ORS 484.150(3)(c), 484.160(2) and 484.170(2) require that the citation state the date and time of the offense. The date of the offense not being an element of the infraction, it is not a material allegation. By analogy to criminal laws, we infer that the purpose of this pleading requirement is to enable the defendant to defend, to invoke the statute of limitations and to prevent successive adjudication. If a variance between a nonmaterial allegation and the proof does not affect the defense adversely, the variance is deemed nonmaterial. *State v. Anderson,* 241 Or 18, 403 P2d 778 (1965); *State v. Hanson/Hughes,* 14 Or App 586, 513 P2d 1202 *rev den* (1973).

Here, there is no claim of mistake or surprise. Neither is there an alibi defense. No statute of limitations defense is asserted. As defense counsel candidly acknowledges, the mistake is utterly without prejudice to any right or interest of the defense. Therefore, the variance of the proof from the citation was not material and the motion for judgment of acquittal was properly denied.

Affirmed.