## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM PAUL NEAL,
*Appellant.*

(83-775, 778, 779, 780, 790; CA A31520)

699 P2d 1171

Stephen A. Houze, Portland, argued the cause for appellant. With him on the brief were Birkland, Koch & Houze, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

■ ■ Defendant appeals convictions for sodomy and incest. ORS 163.405; ORS 163.525. He first asserts that the court erred in permitting testimony and prosecutorial argument regarding exercise of his "right to remain silent during pre-arrest police questioning." The court limited the questions of the prosecutor, who stated that she would instruct her witness not to testify to the statement of defendant on which this assignment turns. When, however, the witness testified to that statement, defendant did not object. Defendant, furthermore, did not object to the prosecutor's arguments.[1]

■ Defendant's second assignment is that the court erred in excluding the testimony of Ferguson and Lannan. Ferguson's testimony respecting the reputations for truthfulness of Minnis and Lannan was inadmissible. Their characters for truthfulness had not been attacked. OEC 607 and 608. Moreover, Lannan's testimony was not necessary to rebut a claim or inference of recent fabrication, motive or mistake. OEC 801(4)(a)(B). The trial court correctly concluded that no such claim or inference had been made and that the testimony was cumulative.[2]

■ Defendant's third assignment relates to the admissibility of testimony and prosecutorial argument to the jury regarding prior "bad acts" of defendant. OEC 404(3). Defendant made no objection below and, therefore, did not preserve any claim of error.

■ Defendant asserts that the court erred in denying his motion for judgment of acquittal. The indictments charged that the offenses occurred on or about September 10, 1982, and on or about December 31, 1982. The jury could find from the evidence that the acts occurred in late August, 1982, and on December 26, 1982, well before the victim's sixteenth birthday in March, 1983. Defendant does not assert that the variance in dates prejudiced his defense, which was that he never had any sexual contact with the victim. Under these circumstances, the dates charged in the indictments were

---

[1] The assigned error is also without merit. Defendant's statement, not evidence of his silence, was admitted. It was made voluntarily, without compulsion, and when defendant was not in custody and not under interrogation.

[2] Defendant did not preserve his constitutional argument.

sufficiently close to the acts proved. *See State v. Howard,* 214 Or 611, 615, 331 P2d 1116 (1958); *see also* ORS 132.540(1)(c) and 135.717.

Defendant's last assignment is that the court erred in denying his motion for a mistrial because of statements by the prosecutor in closing argument. We disagree. The court did not abuse its discretion. *See State v. Williams,* 49 Or App 893, 621 P2d 621 (1980).

Affirmed.