Argued and submitted February 5, affirmed May 19, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# ISRAEL FUERTE GARCIA,
*Appellant.*

# (91-12-36896; CA A75767)

852 P2d 946

Jeanette Bello, Portland, argued the cause for appellant. With her on the brief were Hank McCurdy and Dobbins & McCurdy, Portland.

John Payne, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals his convictions, in a trial to the court, for possession of a controlled substance and two counts of delivery of a controlled substance. ORS 475.992. We affirm.

The following facts were found by the trial court, and are supported by evidence. On the evening of October 1, 1991, Officer Gray observed defendant and Torres in a pickup truck parked in a grocery store parking lot. They were engaged in activity that Gray considered suspicious. Gray had no interaction with defendant or Torres that night. The next evening, Gray saw defendant driving the same pickup truck. Gray followed until the truck parked in front of an apartment. Defendant went in. Gray and another officer waited about two hours, and then knocked on the apartment door. Torres, who was leasing the apartment, answered. Defendant was in the living room. The officers requested, and Torres gave, consent to search the apartment.[1]

The officers found 27.49 grams of cocaine wedged behind a kitchen drawer. In a kitchen cabinet, they found a pocket gram scale with what appeared to be cocaine residue on it. Defendant admitted that his fingerprints would be found on both the bag of cocaine and the scale. Neither the bag nor the scale was tested for fingerprints. Defendant was staying in one of the apartment's bedrooms in what appeared to be a temporary situation. The officers discovered $1,430 in cash in that bedroom.

At trial, defendant moved for judgment of acquittal on all counts. The motion was denied, and he was convicted. Defendant assigns error to the denial of the motion. We review the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

■■ Defendant first argues that the motion should have been granted, because there was insufficient evidence that he possessed the cocaine. The state relies on a theory of constructive possession. *State v. Oare*, 249 Or 597, 439 P2d 885 (1968). To prove constructive possession, the state must

---

[1] Defendant does not argue that Torres' consent was unlawfully obtained.

prove that defendant knowingly exercised control over, or the right to control, the contraband. *State v. Coria*, 39 Or App 507, 592 P2d 1057, *rev den* 286 Or 449 (1979). The right of control need not be exclusive. 39 Or App at 511. The cocaine was found hidden in the kitchen of the apartment where defendant was staying, and he admitted that he had handled it. A reasonable factfinder could infer from that evidence that defendant knowingly exercised some right of control over the cocaine.

■　　　Defendant next argues that his motion for judgment of acquittal should have been granted on the delivery counts, because the evidence of delivery was insufficient. Delivery of a controlled substance includes an "attempted transfer." ORS 475.005(8). A person attempts to transfer a controlled substance if the person intentionally engages in conduct that constitutes a substantial step toward commission of that crime. ORS 161.405(1); *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den* 307 Or 77 (1988). Possession of quantities of controlled substances not consistent with personal use, and of items associated with drug trafficking, is evidence of a "substantial step" toward transferring controlled substances. *State v. Fulmer*, 105 Or App 334, 804 P2d 515 (1991); *State v. Aguilar*, 96 Or App 506, 773 P2d 17, *rev den* 308 Or 315 (1989).

■　　　Gray testified that the quantity of cocaine defendant possessed is inconsistent with personal use. A reasonable trier of fact could accept that testimony. Because defendant admitted that his fingerprints would be found on the scale, and because the scale with apparent cocaine residue on it was found near the cocaine, a reasonable fact finder could conclude that defendant was in constructive possession of the scale. It could be reasonably inferred that the scale was used to facilitate drug trafficking. Finally, a reasonable trier of fact could find that defendant had constructive possession of the $1430 in cash found in his bedroom. Therefore, a reasonable trier of fact could find that defendant was in possession of a quantity of cocaine inconsistent with personal use, and of items used to traffic in cocaine. The evidence is susceptible to the conclusion that defendant had taken a substantial step toward transferring cocaine. *State v. Aguilar, supra,* 96 Or

App at 509-10. The motion for judgment of acquittal was properly denied.

Defendant's final assignment of error is not preserved. We do not consider it.

Affirmed.