Argued and submitted July 12, 1993, reversed and remanded May 4, 1994

## STATE OF OREGON,
*Appellant,*

*v.*

## SHAY FREDERICK FREEMAN,
*Respondent.*

(92-123-C; CA A74906)

873 P2d 1107

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Charles S.

Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Bryan E. Blodgett argued the cause for respondent. With him on the brief was Grantland, Grensky & Blodgett.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

**DEITS, P. J.**

The state appeals a trial court ruling regarding a traffic citation charging defendant with driving under the influence of intoxicants (DUII). ORS 813.010. We reverse and remand.

On the day set for trial, defendant advised the court that although the uniform traffic citation alleged that the charged offense occurred on January 29, 1991, the state's evidence would show that the offense happened on December 29, 1991, the date in the officer's certification. Defendant then moved for either a dismissal or judgment of acquittal in anticipation of the variance between the pleading and proof.[1] The state moved alternatively to amend the citation or for a continuance of trial. In its oral ruling, the court said:

> "I am going to deny — deny the motion to continue, deny the motion to amend, *grant the motion for judgment of acquittal.* I believe that the date of January 29, 1991, is simply too far afield from December 29, 1991, to allow you to amend and conform with the proof, to allow you to prove December 29. The statute involved says that the Uniform Traffic Citation should state not only the date, but the time. * * * [T]he time and the day are 11 months off and I feel that it does not then meet the requirements of the Uniform Traffic Citation. The court in its discretion refuses to allow you to amend, this case was set for jury trial this morning, the jury was present, the jury has waited over an hour this morning, perhaps over an hour and a half to be called, the case has been through the pretrial conference, there's been plenty of opportunity to catch this error and the error should not have been made, it

---

[1] It is unclear which motion, if not both, was made to the trial court. In his brief, defendant characterizes the motion as one for a judgment of acquittal; however, in presenting the motion to the trial court, defense counsel said: "On behalf of the defendant, we are moving for the dismissal of the charge of driving under the influence." Counsel explained that if the case proceeded to the jury, "the defense intends to object and file a motion at the end of the case for acquittal * * * for the failure of the state to prove one of the essential elements of its case." Counsel concluded: "So we are asking for the court to grant a dismissal, we are asking the court to grant it with prejudice in this case."

In its brief to this court, the state consistently refers to defendant's motion below as one for dismissal. However, in its response to defendant's motion to dismiss the state's appeal, the state says: "Defendant is correct in asserting that when the motion to dismiss was proposed to the trial court, defendant additionally moved for a judgment of acquittal * * *."

should have been caught sooner, and therefore I *dismiss the case with prejudice.*" (Emphasis supplied.)

On the judgment portion of the citation, the court wrote "4-16-92 Dismissed with prejudice." On appeal, the state argues that the court abused its discretion in granting the dismissal, especially with prejudice.

■■  As a threshold matter, defendant contends that the state has no statutory basis for appeal because the court granted a motion for judgment of acquittal. According to defendant, even though the written ruling was phrased in terms of a dismissal, "[a] reading of the court's oral pronouncement clearly indicates its intention to grant a judgment of acquittal." However, in determining what action a trial court has taken, we look to the signed order or judgment, not to statements made in court. *State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974); *State v. Morgan*, 104 Or App 62, 65, 798 P2d 1113 (1990). The written ruling here unambiguously dismisses the citation with prejudice. Further, although the court appeared to want to bar the state from another action for the same offense, the court also took steps to preserve the state's right to appeal the ruling.[2] We conclude that regardless of what the court may or may not have intended, the state has statutory authority to appeal the order as written. ORS 138.060(1).[3]

---

[2] In discussing defendant's motion, the following colloquy took place:

"THE COURT: Is it fair to say that one of the reasons we are here right at this moment in time is that the state has expressed—[the prosecutor] has expressed to all of us—that he has a desire to preserve this issue on the record for a possible appellate review, you understand that to be the case?

"Defense Counsel: Yes, Your Honor.

"THE COURT: And [prosecutor], the attorney who is then sitting here and nodding his head, do you firmly contest [sic] and one of the ways, [sic] and of course we cannot by arguing it here confer any jurisdiction or that sort of thing on the Court of Appeals, they do their cases as they will, as they are entitled to. So that what we need to have [is] some sort of factual basis here on the record to preserve this."

[3] ORS 138.060(1) provides, in part:

"The state may take an appeal from the * * * district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument[.]"

■■ As to the merits of the appeal, we review an order dismissing an accusatory instrument for abuse of discretion. *State v. Bethune*, 51 Or App 271, 624 P2d 1113 (1981). The trial court concluded that because the date of the allegation was "11 months off," the complaint failed to conform with the minimum requirements of ORS 153.525 and was thus subject to dismissal. ORS 153.525 provides, in pertinent part:

"(1)  Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:

"* * * * *

"(b)  A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred.

"(c)  A certificate under ORS 153.515(4) or under ORS 153.510, signed by the complainant.

"(2)  The complaint shall be set aside by the court upon motion of the defendant before plea when the complaint does not conform to the requirements of this section. A pretrial ruling on a motion to set aside may be appealed by the state.

"(3)  Nothing prohibits the court from amending the citation in its discretion."

The legal basis for the trial court's dismissal of the citation is not entirely clear. It appears that it dismissed the citation pursuant to ORS 153.525(2). However, not only did defendant not make the motion before entering his plea,[4] as required by that provision, but, as both defendant and the state agree, the citation met the requirements of ORS 153.525(1). ORS 153.525(1)(b) requires that the complaint include the date on which the alleged offense occurred. The complaint here included such a date. Whether the state would prove that the offense occurred on that date or some other date is immaterial to the sufficiency of the complaint. Accordingly, the trial court erred in dismissing the complaint under ORS 153.525(2).

Although the court referred to the requirements of ORS 153.525, it is apparent from the court's comments that the underlying basis for the dismissal was the anticipated variance between the date of the offense as pleaded and the

---

[4] A plea of not guilty was entered on defendant's behalf on February 21, 1992.

date that the state was prepared to prove. The state argues that, because the variance was not material, the court abused its discretion if the dismissal was on that basis. We addressed that issue in *State v. Hibbs*, 44 Or App 179, 605 P2d 723, *rev den* 288 Or 701 (1980), where the citation alleged that a DUII occurred on June 5, 1979, but the proof was that it occurred on May 5, 1979. We held that although *former* ORS 484.170 (renumbered ORS 153.525 in 1983) required that the citation include the date of the offense, the date was not a material element of the offense and, thus, was not a material allegation. We concluded that where the variance between a nonmaterial allegation and the proof does not affect the defense adversely, the variance is deemed nonmaterial. 44 Or App at 181.

In this case, the variance was nonmaterial. At no time during these proceedings, either before the trial court, in his brief to this court or in response to direct questions at oral argument, did defendant ever assert that the mistake prejudiced his rights or interests in any way.[5] Defendant has made no claim of mistake or surprise nor has he asserted a statute of limitations defense. *See State v. Hibbs, supra.* As we said in *State v. Atkinson*, 28 Or App 909, 916, 562 P2d 978 (1977):

> "A sporting theory of justice might assume a defendant is entitled to take advantage of mistakes in pleading a traffic charge[;] however, we decline to raise that trial strategy to the level of a substantial right requiring the complaint to be set aside."

We believe that not only is a trial court not *required* to dismiss a complaint under these circumstances, but, in this case, the trial court abused its discretion in doing so where defendant's rights were not prejudiced by the variance. *See also* ORS 131.035.[6]

---

[5] At the end of his explanation to the trial court as to why his motion should be granted, defense counsel said only that "it would be prejudicial to this defendant to require him for a continuance or for the state to [be] able to dismiss and refile." Defense counsel did not explain how defendant would be prejudiced.

[6] ORS 131.035 applies to pleadings in the form of a uniform traffic citation, *State v. Atkinson, supra*, 28 Or App at 916, and provides:

> "No departure from the form or mode prescribed by law, error or mistake in any criminal pleading, action or proceeding renders it invalid, unless it has prejudiced the defendant in respect to a substantial right."

Because of our disposition, we need not address whether the court abused its discretion in dismissing the citation with prejudice.

Reversed and remanded.