Argued and submitted February 27, reversed in part; remanded for resentencing April 16, petition for review allowed August 12, 1997 (326 Or 43)

# STATE OF OREGON,
*Respondent,*

*v.*

# DENA DAE HURST,
*Appellant.*

## (91CR-0289ST; CA A89274)

936 P2d 396

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

■ Defendant appeals from her conviction for unlawful possession of a short-barreled rifle, ORS 166.272, and argues that the trial court erred in failing to grant a motion *sua sponte* for judgment of acquittal on the ground that there was no evidence that the rifle she possessed was not registered as required under federal law. *State v. Vasquez-Rubio*, 323 Or 275, 284, 917 P2d 494 (1996) (state required to prove as an element of the crime that rifle was not registered). Defendant concedes that no motion for judgment of acquittal was made on that ground, but asserts that there is no evidence in the record that the rifle was not registered and urges us to review the error as one of law apparent on the face of the record, ORAP 5.45(2).

The state responds that the error is not an error apparent on the face of the record, and, therefore, that we do not have discretion to review it under ORAP 5.45(2). The state argues that the error is not apparent because the sufficiency of the evidence to support the finding of nonregistration is reasonably in dispute and addressing the error would require us to choose between competing inferences. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (for error to be apparent, reviewing court must not need to choose between competing inferences, and facts constituting error must be irrefutable). The state maintains that evidence supports the finding that defendant's rifle was not registered, because

> "[d]efendant initially attempted to hide the nature of the gun from the police, saying that it was a BB gun. She also attempted to persuade the officers that she no longer owned it. Those facts make it reasonable to infer that defendant was aware that her possession of the sawed-off rifle was illegal. That, in turn, makes [it] possible for the jury to conclude that defendant had not registered it with the federal government because the federal government will not register an unlawful weapon."

We disagree. Evidence that defendant initially told police that the gun was a BB gun and that she no longer owned it is insufficient to support an inference that the gun was not registered as required by federal law. The error is apparent, and we exercise our discretion to review it.

■ In reviewing the sufficiency of evidence in a criminal case, after conviction, we must determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Langley*, 314 Or 247, 267-68, 839 P2d 692 (1992), *adhered to* 318 Or 28, 861 P2d 1012 (1993). We view the evidence in the light most favorable to the state, accepting all reasonable inferences. *Id.*

■ The evidence cited by the state is insufficient for a rational trier of fact to have found beyond a reasonable doubt that the gun was not registered as required under federal law. *See State v. Wrisley*, 138 Or App 344, 350-51, 909 P2d 877 (1995), *rev allowed* 323 Or 690 (1996) (defendant's admission that he knew the gun was illegal because of its length was insufficient to prove nonregistration beyond a reasonable doubt). Therefore, we reverse defendant's conviction for unlawful possession of a short-barreled rifle.

Conviction on count III reversed; remanded for resentencing.[1]

---

[1] Although defendant did not appeal her convictions on counts I and II, her sentences on those counts took into consideration her conviction on count III.