Argued and submitted July 17, 1998, reversed February 17, 1999

# STATE OF OREGON,
## *Respondent,*
### *v.*
# ROGELIO SOSA-VASQUEZ,
## *Appellant.*
## (9612-39177; CA A97156)

974 P2d 701

Caryanne Conner argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christine Chute, Assistant Attorney General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a controlled substance and for delivery of a controlled substance. Among other things, he challenges the sufficiency of the evidence, contending that the state's evidence showed only that he was found standing in the vicinity of cocaine and related paraphernalia, not that he had engaged in any criminal activity. We agree and reverse on that basis. We do not reach defendant's other contentions on appeal.

We state the facts in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Jova Avila and her husband, Alfredo Perez, were in their residence when three men—one of them defendant—knocked on their door. Perez left with the three men and went to a garage located near the residence. Avila followed them to the garage and saw all four men standing near a table containing what she believed were drugs. Avila called the police.

The police arrived within minutes. Avila led them to the garage. She knocked on the door and called to one of the four men inside. Perez opened the door. Looking inside, the police saw defendant and another man standing within arm's reach of a table. On the table were a bag containing approximately 18 grams of cocaine, several smaller plastic bags containing smaller amounts of cocaine, a scale, a credit card and some empty plastic bags.

Defendant was arrested and charged with conspiracy to possess and conspiracy to deliver controlled substances and with possession and delivery of controlled substances. At trial, the state proved that Avila and the officers observed defendant standing near the table. No other evidence was offered directly connecting defendant with the drugs and other materials on the table. He was not found in actual physical possession of any controlled substances. He had no money in his possession. His fingerprints were not found on the scale or the credit card that were on the table. Defendant moved for a judgment of acquittal on all charges. The trial court denied the motion. The jury failed to reach a verdict on the conspiracy charges, and the state dismissed those

charges. The jury then found defendant guilty of the possession and delivery charges.

On appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal on the possession charge. According to defendant, the state failed to prove possession. The state does not contend that it proved actual possession. It does contend, however, that it proved constructive possession, because defendant was shown to be among those who possessed the cocaine. Defendant replies that the state did not even show constructive possession, because mere presence at a location where controlled substances are found is not sufficient to establish constructive possession.

Evidence is sufficient to support a conviction if, "viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* To prove the crime of possession of a controlled substance, the state must establish that a defendant knowingly or intentionally "possessed" a controlled substance. ORS 475.992(4). Proof of either actual or constructive possession suffices. *State v. Oare*, 249 Or 597, 599, 439 P2d 885 (1968). Constructive possession is shown by evidence that a defendant exercised control of, or the right to control, the controlled substance. *Id.*

It is well established that mere presence in the proximity of controlled substances is not sufficient to establish constructive possession. In *Oare*, for example, police officers executed a warrant to search the house of Sigari. After entering the house, the officers observed Sigari standing immediately in front of a toilet bowl while leaning over and looking into it. Alongside and slightly behind Sigari stood the defendant. The toilet apparently had just been flushed, and in the water were some plastic bags containing marijuana. On the back of the toilet was a box containing evidence of marijuana, and on a chest of drawers immediately in front of the toilet was a lighted marijuana cigarette. The defendant was charged with, and convicted of, possession of a controlled substance. On appeal, he argued that the state had failed to prove his possession of any controlled substance. The state argued that it had proved constructive possession. The

Supreme Court agreed with the defendant. The court held that the evidence perhaps justified an inference that the defendant was a spectator, but not that he was in actual or constructive possession of the marijuana. *Id.* at 599.

More recently, and to the same effect, is our decision in *State v. Saude*, 95 Or App 428, 769 P2d 784 (1989). In that case, the defendant was arrested during a police raid of the residence of Lund and Reab. Four individuals were present during the raid, including the defendant. The defendant was a guest in the residence and had been staying there for approximately three weeks. The police found various items of drug paraphernalia in the residence, as well as weapons. They found in the garage laboratory components and chemicals used in the manufacture of methamphetamine locked in two cabinets. They also found photographs depicting the defendant and two of the other individuals standing in front of the same cabinets, with a funnel and a hotplate visible on a counter top directly behind the defendant. The defendant was charged with, and convicted of, possession and delivery of methamphetamine. On appeal, the defendant challenged the sufficiency of the evidence. The state argued that proof of the defendant's presence at the scene of manufacture and of the quantity of the drugs found was sufficient to establish constructive possession. We disagreed, explaining that "[n]o evidence was presented that [the] defendant had any right to control any of the methamphetamine seized in the raid," regardless of its quantity. *Id.* at 431.

In this case there is similarly no evidence of defendant's right to control any of the drugs or drug paraphernalia on the table in the garage. He did not own the premises. There is no evidence that he touched anything on the table. There is no evidence that he had the right to touch anything on the table. As in *Oare* and *Saude*, there is only his presence at the scene. That is insufficient.

The state insists that, in more recent case law, we have established a rule that it is sufficient merely for a defendant to be seen with others who possess a controlled substance. In support of that proposition, the state cites *State v. Wrisley*, 138 Or App 344, 909 P2d 877 (1995), *rev den* 327 Or 521 (1998). The state, however, reads that decision too

broadly. In *Wrisley*, the defendant, along with Elliot, and Handy, Sr., drove to a grocery store that the three intended to rob. During the drive to the store, a loaded short-barreled shotgun was passed around in the back seat of the car. Police officers stopped the car before it arrived at the store and arrested the defendant for being a felon in possession of a firearm, unlawful possession of a short-barreled shotgun, and conspiracy to commit robbery. He was convicted on all three charges. On appeal, he argued that, among other things, the evidence was insufficient to prove the weapons charges, because the state had failed to prove that he ever possessed the shotgun.

We affirmed, explaining that the evidence was sufficient to establish constructive possession because the defendant had been shown to be part of a criminal conspiracy with individuals in possession of the shotgun:

"Here, defendant was part of a conspiracy to commit armed robbery with Elliot and Handy, Sr., each of whom at sometime physically possessed the shotgun in the back seat. * * * [T]his was sufficient to find 'joint control.' "

*Id.* at 349. We did not hold broadly—as the state now suggests—that constructive possession may be established merely by proving that the defendant was seen with others who possessed the illegal property. In this case, there was no criminal conspiracy to link defendant with the controlled substances on the table in the garage. Criminal conspiracy charges were brought against defendant, but, when the jury could not reach a verdict, those charges were dropped. *Wrisley* is not applicable.

We conclude that the state failed to prove that defendant was in actual or constructive possession of controlled substances and that the trial court, therefore, erred in denying defendant's motion for a judgment of acquittal on the possession charge.

Defendant also assigns error to· the trial court's denial of his motion for a judgment of acquittal on the delivery charge. Defendant argues that the state failed to prove that he was in any way connected with an actual, constructive, or attempted transfer of controlled substances. The

state argues that evidence of defendant's presence at the scene coupled with the quantity of the cocaine and the nature of the equipment is sufficient to establish that he committed the crime.

■ ■ Delivery of a controlled substance includes an "attempted transfer." ORS 475.005(8). An attempted transfer may be established by proof that a defendant intentionally engaged in conduct that constitutes a "substantial step" toward commission of the crime. *State v. Garcia*, 120 Or App 485, 488, 852 P2d 946 (1993). Possession of quantities of a controlled substance not consistent with personal use, and of items associated with drug trafficking, is evidence of such a substantial step. *Id.*

In this case, there was evidence both of quantities of cocaine not consistent with personal use and of items associated with drug trafficking. There was, as we have noted above, however, no evidence that defendant possessed either the cocaine or the equipment, actually or constructively. There was proof only of defendant's presence near those items. That is insufficient, as a matter of law, and we conclude, therefore, that the trial court erred in denying defendant's motion for a judgment of acquittal on the delivery charge as well.

Reversed.