Argued and submitted December 23, 1999, affirmed July 25, 2001

# STATE OF OREGON,
*Respondent,*

*v.*

# ERIC LEE PRESLEY,
*Appellant.*

## 97-02-31562; A99770

28 P3d 1238

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

## DEITS, C. J.

Defendant appeals from a judgment of conviction for one count each of possession of a controlled substance, ORS 475.992(4); delivery of a controlled substance, ORS 475.992(1); and delivery of a controlled substance within 1,000 feet of a school, ORS 475.999(1).[1] He contends that the trial court erred in denying his motion for judgment of acquittal on each of those three counts. We affirm.

We state the facts in the light most favorable to the state, the prevailing party below. *E.g.*, *State v. Tellez*, 170 Or App 745, 747, 14 P3d 78 (2000). In 1996, because of concerns about drug trafficking, Portland police conducted surveillance of a house at 2227 N.E. Killingsworth, which is located within 1,000 feet of Vernon Elementary School. During the surveillance, the police observed consistently high foot traffic to and from the house. On December 6, 1996, a police informant conducted a controlled buy of crack cocaine at the house. The police then obtained a search warrant, which was served at 10:30 p.m. on December 6. Upon entry, police seized more than 15 grams of crack cocaine, a scale, drug paraphernalia, and a loaded weapon. Several children, including defendant's six-month-old son, were in the house when the warrant was served. Three adults also were in the house when the warrant was served: Townsend, who had 12.5 grams of cocaine in his possession; Richards, who had .04 grams of cocaine in his possession; and Allen, defendant's girlfriend. Allen dropped a crack cocaine pipe during the execution of the warrant. The total amount of cocaine found was inconsistent with personal use.

The search warrant named defendant, but the police did not find him in the house when they executed the warrant. The police located defendant walking near the house shortly afterward, however, and brought him to the house. After reading defendant his *Miranda* rights, Officer Baldwin

---

[1] Defendant was also convicted of conspiracy to commit each of those crimes. Defendant assigned error to the trial court's failure to merge each underlying conviction with its related conspiracy conviction. While this appeal was pending, the trial court entered an amended judgment merging each pair of convictions. *See* ORS 19.270(4). Defendant has withdrawn those assignments of error.

questioned defendant. Defendant told Baldwin that he had a $400-per-day crack cocaine habit and that he supported that habit by stealing cocaine from nearly all of the approximately 50 buyers who visited the house each day. Defendant also told Baldwin that he sold drugs for Townsend and Richards, the two men who were present in the house when the warrant was executed. During the search of the house, police discovered mail addressed to defendant at the 2227 N.E. Killingsworth address. After arresting defendant, the police discovered a crack cocaine pipe on his person, but no drugs.

The state charged defendant, as relevant to this appeal, as follows:

"The said defendant, ERIC LEE PRESLEY, on or between December 1, 1996 and December 6, 1996, in the County of Multnomah, State of Oregon, did unlawfully, intentionally and knowingly deliver cocaine, a controlled substance, listed in Schedule II[.]

"The state further alleges that the above-described delivery was for consideration.

"* * * * *

"The said defendant, ERIC LEE PRESLEY, on or between December 1, 1996 and December 6, 1996, in the County of Multnomah, State of Oregon, did unlawfully, intentionally and knowingly deliver cocaine, a schedule II controlled substance, within 1,000 feet of the real property comprising Vernon Elementary School[.]

"* * * * *

"The said defendant, ERIC LEE PRESLEY, on or between December 1, 1996 and December 6, 1996, in the County of Multnomah, State of Oregon, did unlawfully, intentionally and knowingly possess a controlled substance, to wit: cocaine, listed in Schedule II[.]"

During a trial to the court, after the close of the state's case, defendant moved for judgment of acquittal as to, *inter alia*, the three counts at issue in this appeal. Defendant argued that the state had put on no evidence that defendant engaged in any of the charged conduct within the dates alleged in the indictment. To the extent that defendant's own statement to Baldwin supported the charges, defendant argued that his

statement had not been corroborated. The trial court denied defendant's motion.

Defendant assigns error to that ruling. He argues that the "decisive issue" is whether there was any evidence that he possessed, actually or constructively, any drugs within the time period alleged in the indictment. He contends that the time period alleged in the indictment was material in this case for three reasons: First, the state had tried to put on evidence of a controlled buy on the date that the warrant was executed, but, after defendant had objected to that evidence, the state conceded that the controlled buy did not form the basis for the conduct alleged in the indictment. Second, the state was put "on notice" by defendant's motion for judgment of acquittal and closing arguments that it had put on no evidence that defendant had engaged in the alleged conduct within the time period set out in the indictment. Third, because the indictment contained many similar counts, defendant contends that it was crucial for the state to put on evidence particular to each count, presumably including evidence related to the time period alleged in each count. Defendant contends that the state failed to put on sufficient evidence of possession or of the time period alleged in the indictment.

█ We review the denial of a motion for judgment of acquittal to determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hurst*, 147 Or App 385, 388, 936 P2d 396 (1997), *rev den* 327 Or 521 (1998). We view the evidence in the light most favorable to the state, accepting reasonable inferences and reasonable credibility choices that the factfinder could have made. *State v. Walters*, 311 Or 80, 82, 804 P2d 1164, *cert den* 501 US 1209 (1991). A defendant's statement, if corroborated by other evidence, can provide evidence of the elements of an offense. *See State v. Lerch*, 296 Or 377, 394, 677 P2d 678 (1984) ("[I]ndependent corroborating evidence may be used together with the confession to prove all elements of the crime * * *."). Evidence is sufficient to corroborate a defendant's statement if it is "enough evidence from which the jury may draw an inference that tends to establish or prove that a crime has been committed." *Id.* at 398 (footnote omitted).

■ We first address the issue concerning the time period set out in the indictment. Time is generally not an essential element of crimes when the statutes defining the crimes do not include a time requirement. *State v. Long*, 320 Or 361, 369, 885 P2d 696 (1994), *cert den* 514 US 1087 (1995); *State v. Wimber*, 315 Or 103, 110, 843 P2d 424 (1992). None of the statutes defining the crimes at issue here includes a time requirement. ORS 475.992(4) (possession); ORS 475.992(1) (delivery); ORS 475.999(1) (delivery within 1,000 feet of a school); *see also State v. Morgan*, 151 Or App 750, 754 & n 5, 951 P2d 187 (1997), *rev den* 327 Or 82 (1998) (time not an essential element of delivery, possession, or manufacture of a controlled substance).

■ Defendant argues, nonetheless, that time was material in the circumstances of this case. First, he points to testimony the state sought to elicit from an informant who attempted to make a controlled buy from defendant on the day that the police executed the warrant. The state ultimately abandoned the attempt to have that evidence admitted, stating that that controlled buy was not the conduct that it would rely on to prove the counts now on appeal. However, as we explain below, the state presented adequate evidence of conduct to support each of the charges. That it could not rely on *other* evidence occurring on a particular day— evidence that *also* might have supported those same charges—does not make time a material element in this case.

■■ Defendant also contends that, by his actions at trial, he put the state "on notice" that he considered time to be material. To the extent that defendant argues that the evidence that the state offered varied materially from the terms of the indictment, and that that variance should be considered fatal, we disagree. Where the variance between a nonmaterial allegation and the proof offered does not adversely affect the defense, the variance itself is nonmaterial. *State v. Freeman*, 127 Or App 640, 645, 873 P2d 1107 (1994). Defendant has not asserted, let alone established, that there is any variance between the time period in the indictment and the time period that the evidence supported. Consequently, we need not consider whether the alleged variance prejudiced defendant's rights or interests by, for example, unfairly surprising him about the state's evidence that he would have to

counter. *See id.* (where the defendant failed to point to prejudice flowing from variance, variance was held to be nonmaterial, and trial court abused its discretion by dismissing complaint because of variance).

■ Finally, defendant argues that time was material in this case because of the number of similar charges. Defendant was charged with, but not convicted of, an additional single count each of possession, delivery, and delivery within 1,000 feet of a school. However, the time period alleged was not the only difference between the two sets of counts. With respect to the second set of counts, the state put on evidence regarding a controlled buy that occurred at a different address. Accordingly, the time period alleged in the counts at issue here was not material to those counts on that basis.

■ ■ We turn to the question of whether the state put on sufficient evidence that defendant possessed controlled substances. To prove the crime of possession of a controlled substance, the state must introduce evidence that a defendant knowingly or intentionally "possessed" a controlled substance. ORS 475.992(4). Evidence of either actual or constructive possession suffices. *State v. Oare*, 249 Or 597, 599, 439 P2d 885 (1968); *State v. Sosa-Vasquez*, 158 Or App 445, 448, 974 P2d 701 (1999). In this case, defendant's statements that he had a $400-per-day cocaine habit and that he regularly stole cocaine from buyers who came to 2227 N.E. Killingsworth are evidence that he possessed a controlled substance. Defendant's statements were corroborated by evidence that he had a crack cocaine pipe on his person. They were also corroborated by evidence of his close connection to a location at which a substantial quantity of drugs and a number of drug-related items were found. Whether or not defendant actually lived at 2227 N.E. Killingsworth is not dispositive; that defendant was closely connected to that location is corroborative and was established by the presence of his girlfriend and son there and by the discovery of mail addressed to him there. Defendant points to evidence that would tend to disprove the charges, but the existence of countervailing evidence does not help answer the question of whether there was enough evidence to support a conviction. *See Walters*, 311 Or at 83 (in reviewing sufficiency of evidence, question is not whether the court would have found

defendant guilty, but whether evidence was sufficient for factfinder to so find). There was sufficient evidence for a reasonable factfinder to conclude that defendant possessed a controlled substance.

In arguing that there was not sufficient evidence here, defendant relies on *Sosa-Vasquez*. That case, however, is distinguishable. There, we relied on the well-established principle that "mere presence in the proximity of controlled substances is not sufficient to establish constructive possession," *Sosa-Vasquez*, 158 Or App at 448, to conclude that insufficient evidence had been introduced to support a charge of possession of a controlled substance. In this case, by contrast, the state did not rely only upon evidence of defendant's proximity to the drugs found at 2227 N.E. Killingsworth; it also relied upon defendant's statements and the other evidence outlined above.

■    To prove either delivery or delivery within 1,000 feet of a school, the state must introduce evidence of "delivery," which is defined as the "actual or constructive transfer * * * of a controlled substance[.]" ORS 475.005(8). Defendant does not argue that the state failed to put on evidence that he transferred cocaine. Defendant argues only that there was no evidence that he delivered cocaine within 1,000 feet of Vernon Elementary School. There was evidence, however, that 2227 N.E. Killingsworth is within 1,000 feet of Vernon Elementary School. A reasonable factfinder could infer, given defendant's close connections with that address, defendant's statement, and the high volume of foot traffic to the house, that he sold cocaine at that address, which would have meant that defendant delivered cocaine within 1,000 feet of Vernon Elementary School.

We conclude that there was sufficient evidence in this record to allow a reasonable factfinder to conclude that the essential elements of the charged crimes were established beyond a reasonable doubt. The trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.