Argued and submitted May 25, Portland Jewish Academy, Portland, affirmed October 6, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE EDWARD DAVIES,
*Appellant.*

0205-44469; A118977

98 P3d 757

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

HASELTON, P. J.

## HASELTON, P. J.

■     Defendant appeals, challenging the denial of a motion for judgment of acquittal on one count of disorderly conduct. ORS 166.025(1)(a).[1] Defendant argues that, when he pointed and poked at a Safeway employee, after warning that employee not to touch him, he did not engage in behavior proscribed by that statute because he did not use "physical force or physical conduct which is immediately likely to produce the use of such force." *See State v. Cantwell,* 66 Or App 848, 853, 676 P2d 353, *rev den,* 297 Or 124 (1984). We affirm.

    A detailed recitation of the underlying facts would be of no benefit to the bench and bar. It suffices to say that defendant's argument on appeal depends on the premise that the evidence at trial established that defendant had engaged only in the "act of pointing and poking, followed by an immediate and unquestionable effort to distance himself from the situation and the employees." From that premise, defendant reasons that his conduct "did not amount to physical force, or physical conduct immediately likely to produce physical force."

■     The difficulty with defendant's argument is that it bypasses the controlling standard of appellate review, *viz.,* that in reviewing the denial of a motion for judgment of acquittal, we must view the trial evidence in the light most favorable to the state. *State v. Presley,* 175 Or App 439, 443, 28 P3d 1238 (2001).

    Applying that standard, the evidence at trial substantiated the following facts: After having an altercation with another Safeway customer and several employees, defendant was told to leave the store and not to return. Several hours later, defendant angrily re-entered the Safeway store and was repeatedly told to leave by numerous employees. Defendant responded aggressively by verbally threatening the employees. As the situation grew tense, defendant

---

[1] That statute provides:

"(1) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a) Engages in fighting or in violent, tumultuous or threatening behavior[.]"

pointed his finger at an employee, poked or hit him in the chest, and began flailing his arms. As the employee grabbed defendant's arm, defendant struck one or more of the employees. A fracas ensued, resulting in various injuries to several employees.

Based on that evidence, a rational juror could conclude that defendant recklessly created a risk of "public inconvenience, annoyance or alarm," ORS 166.025(1), by engaging in "physical conduct which [was] immediately likely to produce the use of [physical] force." *Cantwell*, 66 Or App at 853; *accord State v. Atwood*, 195 Or App 490, 98 P3d 751 (2004).

Affirmed.