Argued and submitted September 29, 2004, convictions affirmed; sentences vacated; remanded for resentencing January 12, 2005

# STATE OF OREGON,
## *Respondent,*

*v.*

# ROBERT WAYNE BRAY,
## *Appellant.*

## 02022413C; A120293

104 P3d 631

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

### HASELTON, P. J.

Defendant appeals from his convictions and sentences on four counts of encouraging child sexual abuse in the first degree, ORS 163.684, and 11 counts of encouraging child sexual abuse in the second degree, ORS 163.686. On appeal, defendant raises numerous assignments of error. We write to address only two of defendant's arguments: whether the trial court erred in denying defendant's motion for judgment of acquittal on four charges of encouraging child sexual abuse in the first degree, and whether the court erred in imposing upward departure sentences on a number of the convictions. As explained below, we reject defendant's argument that the court should have granted his motion for judgment of acquittal, but agree that the court erred in imposing the departure sentences. Accordingly, we affirm defendant's convictions but remand for resentencing.

■ In reviewing the denial of a motion for judgment of acquittal, "[w]e view the evidence in the light most favorable to the state, accepting reasonable inferences and reasonable credibility choices that the factfinder could have made." *State v. Presley*, 175 Or App 439, 443, 28 P3d 1238 (2001). So viewed, the evidence at trial established that defendant, an inmate at Snake River Correctional Institution, obtained access to the Internet while working as a clerk in a call center staffed by inmates as part of an inmate work program. Defendant logged onto his workstation computer using the password of a supervisor and visited Internet websites that contained photographs showing sexually explicit child pornography. Defendant saved some of those photographs onto the hard drive of his workstation computer. Defendant viewed other child pornography photographs as well, but did not save them to the hard drive.[1] When confronted, defendant admitted that he had visited child pornography websites but indicated that he had done so while conducting legal research.

---

[1] Those photographs were recovered from the unallocated space on defendant's hard drive, in which images were stored from all Internet sites that had recently been visited.

Defendant was charged with 11 counts of encouraging child sexual abuse in the first degree and 11 counts of encouraging child sexual abuse in the second degree. All charges concerned 11 photographs, four of which had been saved on defendant's hard drive and seven of which had been recovered from unallocated space on the hard drive. Each of the charges of encouraging child sexual abuse in the first degree alleged that defendant had knowingly possessed a "visual recording of sexually explicit conduct involving a child with intent to *print* **or** *display* on the computer screen" the image. (Italics and boldface added.) Each of the charges of encouraging child sexual abuse in the second degree alleged that defendant had knowingly possessed the same images "for the purpose of arousing and satisfying the sexual desires of defendant or another person[.]"

At the conclusion of the state's evidence, defendant moved for a judgment of acquittal as to all counts of encouraging child sexual abuse in the first degree. Defendant posited that ORS 163.684 was intended to address the problem of child pornography dealers—and, thus, he asserted that the state was required to prove that he had had an intent to print or display the images in such a manner that they could be viewed by someone other than himself. Defendant further suggested that, if his intent was simply to display the images to himself, he could be convicted only of encouraging child sexual abuse in the second degree.

The trial court denied the motion, noting that ORS 163.684(1)(a)(A) requires only that the image be displayed, not that it be displayed to another person. The court, acting as finder of fact, ultimately convicted defendant of encouraging child sexual abuse in the first degree on the four counts based on images stored in a directory on defendant's computer but acquitted him of the seven remaining counts of encouraging child sexual abuse in the first degree. The court further found defendant guilty of all 11 charges of encouraging child sexual abuse in the second degree.

■    ORS 163.684(1) provides:

"A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; or

"(B) Knowingly brings into this state, or causes to be brought or sent into this state, for sale or distribution, any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child; and

"(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse."[2]

As noted, *see* 197 Or App at 15, defendant was charged under ORS 163.684(1)(a)(A) with knowingly possessing child pornography with the intent to "print or display" those images. On appeal, defendant reiterates his argument that "display," for purposes of encouraging child sexual abuse in the first degree, requires an intent to make child pornography accessible to someone other than the defendant. In particular, defendant asserts that all the possible ways of violating ORS 163.684(1)(a)(A) involve some facet of distribution of child pornography and, thus, any violation of that statute must involve distribution of pornography to a third party, and not merely the defendant's personal use of such material.

---

[2] ORS 163.686, which defines the crime of encouraging child abuse in the second degree, provides, in part:

"(1) A person commits the crime of encouraging child sexual abuse in the second degree if the person:

"(a)(A)(i) Knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; or

"(ii) Knowingly pays, exchanges or gives anything of value to obtain or view a photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; and

"(B) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse[.]"

The state does not take issue with defendant's premise that "display" in ORS 163.684(1)(a)(A) connotes making material available for viewing by persons other than the defendant. However, the state argues that we must affirm the denial of defendant's motion for judgment of acquittal because defendant did not challenge the sufficiency of the state's evidence that he intended to *print* the images. Defendant counters that the state implicitly abandoned its allegation that he intended to print the images, noting that the state's argument in response to his motion and in closing argument focused on intent to display. Defendant further contends that there is no evidence in the record from which a trier of fact could find beyond a reasonable doubt that he intended to print the pictures.

We conclude, albeit for somewhat different reasons from those the state urges, that defendant failed to preserve any challenge to the sufficiency of the state's proof with respect to whether defendant did, in fact, intend to print the images. In arguing in support of the motion, defense counsel argued that, as a matter of law, under ORS 163.684(1)(a)(A), *both* possession of child pornography "with the intent to * * * print" and such possession "with the intent to * * * display" require evidence of intent to exhibit the material to a third party. Defendant did not, however, contend that, if such a "third-party exhibition" intent was not required with respect to printing, the state had failed to prove that defendant intended to actually print the pictures.

We turn to the precise issue that defendant did preserve: Does the provision of ORS 163.684(1)(a)(A) concerning possession of child pornography "with the intent to * * * print" that material require proof of defendant's intent to show or distribute the child pornography to another person? We conclude that it does not. Whatever innate appeal defendant's argument might have as to the allegation concerning "intent to display," that argument is unavailing when applied to the "intent to print" allegation. That is, even assuming, without deciding, that "intent to display," as used in ORS 163.684(1)(a)(A), applies only to situations in which a defendant intends to exhibit child pornography to third parties, the same is not true with respect to "intent to print."

Our conclusion in that regard is rooted in the text of ORS 163.684(1)(a)(A). Two aspects of the statutory design are especially instructive. First, as noted above, the statute is phrased in the disjunctive; that is, it criminalizes possession of certain material with the intent to print *or* the intent to disseminate it (or exchange it, or display it, or sell it). However, defendant's construction would effectively render the statute conjunctive—*i.e.*, the state would be required to prove intent to print *and* disseminate.

Second, ORS 163.684(1)(a)(A) encompasses two parallel proscriptions:

> "A person commits the crime of encouraging child sexual abuse in the first degree if the person:
>
> "(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child *or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it*[.]"

(Emphasis added.) The first, nonitalicized phrase criminalizes certain "knowing" conduct, *e.g.*, "duplicates," "prints," "disseminates," "exchanges," and the second italicized phrase criminalizes possession of child pornography with the intent to engage in the same conduct proscribed by the first clause, including "print" or "display." Nothing in the statutory text suggests that conduct proscribed in the first phrase is culpable only if undertaken with an intent to ultimately exhibit the material to a third party. Indeed, the statute's explicit reference to a "knowing" mental state for such conduct (*i.e.*, with knowledge of the character of the material) contradicts any such implication. Thus, if a person *actually* "prints" or "duplicates" child pornography, he or she is culpable under ORS 163.684(1)(a)(A) even if that conduct was undertaken solely for personal use.

Conversely, however, under defendant's construction of the second clause, a defendant who possesses child pornography with the intent to print that material, but who has not yet actually printed the material, would be culpable under ORS 163.684(1)(a)(A) only if he or she also intended to

exhibit the "printed" material to third persons. Thus, if defendant's construction were correct, "print" (or "develop" or "duplicate") in the first clause would have a different meaning than "print" (or "develop" or "duplicate") in the second clause. The former would mean "print," but the latter would mean "print with the intent of exhibiting to third persons." We reject that disparate construction. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (the "use of the same term throughout a statute indicates that the term has the same meaning throughout the statute"); *see also* ORS 174.010 (in construing a statute, court is "not to insert what has been omitted").

We thus conclude that the trial court properly denied defendant's motion for judgment of acquittal on the four charges of encouraging child sexual abuse in the first degree at issue on appeal.

■ We turn to defendant's argument that the trial court erred in imposing upward departure sentences on his convictions. The trial court imposed upward departure sentences on seven counts of encouraging child sexual abuse in the second degree based on findings that there had been multiple victims or incidents unrelated to the charged crimes, that defendant had persistently been involved in similar offenses unrelated to the current crimes, and that the crimes had involved violation of public trust or professional responsibility. The court further found that any one of the stated departure factors would justify an upward departure sentence. The trial court rejected defendant's arguments that upward departure sentences based on judicial factfinding violated the Sixth Amendment to the United States Constitution as interpreted by the Court in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2002).

Defendant asserts on appeal that, under *Apprendi* and *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), his departure sentences violate the Sixth Amendment. We agree. *See State v. Dilts*, 337 Or 645, 103 P3d 95 (2004) (Guidelines departure sentences, which require judicial findings of fact and are not, under the current scheme, based on facts found by the jury, do not comport with the Sixth Amendment to the United States Constitution.).

The state argues that the finding of persistent involvement in similar offenses falls within an exception described by the court in *Blakely* and *Apprendi* for "the fact of a prior conviction." *Apprendi*, 530 US at 490. We rejected that argument in *State v. Perez*, 196 Or App 364, 372-73, 102 P3d 705 (2004), and reject it here for the same reasons.

The state further suggests that we could "save" the Sentencing Guidelines from their Sixth Amendment problems, suggesting that we could sever as unconstitutional the provisions that require findings for imposition of upward departure sentences. We rejected that argument in *State v. Gornick*, 196 Or App 397, 411-12, 102 P3d 704 (2004). We adhere to our decision in *Gornick*. We reject without discussion the state's assertion that the sentencing errors in the present case were harmless.

Finally, the state suggests that we should interpret the guidelines to permit the sentencing court on remand to empanel a jury to make findings of aggravating factors in support of departure. We declined to do so in similar circumstances in *Gornick*, 196 Or App at 413, and *State v. Warren*, 195 Or App 656, 671, 98 P3d 1129 (2004), and decline to do so here for the same reasons.

Convictions affirmed; sentences vacated; remanded for resentencing.