AOYAGI, J.
*670 Defendant was caught on video stealing a box of hair dye and subsequently convicted of theft in the third degree, ORS 164.043. On appeal, she assigns error to the trial court's denial of her motion for judgment of acquittal. The charging instrument alleged that defendant committed the theft "on or about July 21." According to the evidence at trial, the theft occurred on July 19. Defendant moved for judgment of acquittal, arguing that there was insufficient evidence that she committed theft on July 21. The trial court denied the motion. We affirm.
We review the trial court's denial of a motion for judgment of acquittal to determine whether, "viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Morgan , 361 Or. 47, 61, 388 P.3d 1085 (2017). We state the facts in accordance with that standard.
On July 19, a surveillance video camera recorded defendant entering a grocery store, taking a box of hair dye off the shelf, and putting it into her bag. Defendant then left the store. She met some friends outside, *1144 including Pearson, and took the hair dye out of her bag. Defendant and her friends went to Pearson's house, where defendant used the hair dye to dye another friend's hair.
A store manager saw the surveillance video as it was recording and recognized Pearson as the son of a store employee's girlfriend. The manager contacted the store employee, who in turn contacted Pearson's mother. Upon arriving home, Pearson's mother discovered an empty box of hair dye in the trash can. She and the store employee went to the store together and watched the surveillance video; both recognized defendant. When they returned home, they found defendant in their driveway, wearing the same clothes and carrying the same bag as in the surveillance video (which bag she also later carried at trial). There was black hair dye on the surface of the driveway.
On July 21, a police officer went to the grocery store to investigate the theft. He watched the surveillance video *671 and attempted to contact defendant. A few weeks later, another officer read the first officer's report and viewed the surveillance video. The second officer issued a citation that mistakenly listed the incident date as July 21. A misdemeanor complaint was then filed against defendant for the offense of theft in the third-degree, alleging that the theft occurred "on or about July 21."
Approximately two and one half months before trial, the state provided defendant with a copy of the date-stamped surveillance video, which indicated that the theft occurred on July 19. Before trial, defendant also received a copy of the police report, which stated that the theft occurred on July 19, and her attorney attempted to contact a witness identified therein. About a month before trial, defendant filed a notice of intent to offer an alibi defense regarding her whereabouts on July 21.
At trial, the state offered into evidence the grocery store surveillance video, which bore a date stamp of July 19, as well as the testimony of multiple witnesses who identified defendant as the person on the video. Pearson and Pearson's mother both testified to the events of July 19. At the close of the state's case, defendant moved for judgment of acquittal, arguing that the state had presented insufficient evidence that she committed theft on July 21. The state acknowledged that the theft took place on July 19, not July 21, but did not move to amend the complaint. The trial court ultimately denied defendant's motion. Defendant then put on her defense case. Because the state's evidence was that the theft took place on July 19, defendant did not put on evidence of her whereabouts on July 21. She did call as an expert witness a private detective, who testified that defendant had a different walking style than the person in the video.
Defendant was convicted. On appeal, defendant argues that the trial court should have granted her motion for judgment of acquittal because the difference in dates between the charging instrument (July 21) and the state's evidence at trial (July 19) was an impermissible variance that was prejudicial to her defense. That is, defendant argues that she was entitled to a judgment of acquittal because the state failed to prove that she committed a theft on July 21 and *672 the only way to convict her of a theft on July 19 would be to allow an impermissible variance between the charging instrument and the state's proof. The state counters that no variance existed given the "on or about" language in the charging instrument and that, in any event, defendant was not prejudiced.[1]
Whether a variance between a charging instrument and the state's proof at trial is permissible is a question of law. State v. Samuel , 289 Or. App. 618, 626-27, 410 P.3d 275 (2017). When a variance exists, we apply a two-part test to determine whether the variance is permissible. First, we determine whether the variance "concerns a material element," i.e. , whether the charging instrument states an offense without the allegation.
*1145 Id. at 627, 410 P.3d 275 (internal quotations and brackets omitted). Here, defendant correctly con-cedes that the date of the offense is not a material element of third-degree theft. See ORS 135.717 (regarding charging of dates); State v. Jackson , 221 Or. 315, 325, 351 P.2d 439, 444 (1960) ("A defendant in a criminal proceeding can not make time a material element by a defense of alibi."). Second, we determine whether the variance was prejudicial to the defendant. Samuel , 289 Or. App. at 627, 410 P.3d 275. "[I]f a variance concerns a material element or prejudices the defendant, it is impermissible." Id. (emphasis in original). Here, defendant argues that she was prejudiced by the difference in dates because she had an alibi for July 21.
As noted, the state argues that there was no variance in the first instance because the date alleged in the charging instrument, "on or about July 21," was broad enough to include the date proved at trial, July 19. Defendant does not respond on that point, arguing only that July 21 is not July 19. If a charging instrument alleges that an offense occurred on a specific date or in a specific date range, it is a variance *673 when the state proves that it occurred on a different date or outside that date range. See, e.g. , State v. Daugaard , 142 Or. App. 278, 283, 921 P.2d 975 (1996), rev. den. , 334 Or. 75, 45 P.3d 449 (2002) (non-prejudicial variance); State v. Freeman , 127 Or. App. 640, 645, 873 P.2d 1107 (1994) (same); State v. Hibbs , 44 Or. App. 179, 181, 605 P.2d 723 (1980) (same). In this case, as the state points out, the state did not plead a specific date. It pleaded that the theft occurred "on or about" July 21. The phrase "on or about" means, by definition, that the date is not exact. See State v. Pace , 187 Or 498, 505, 212 P.2d 755, 758 (1949) ("on or about" a date means that the date is stated "with approximate accuracy"); see also Walton v. Denhart , 226 Or. 254, 260, 359 P.2d 890 (1961) ("The words 'on or about' do not, as to time, mean 'exactly,' but 'approximately.' ").
We need not decide, however, whether the difference between the approximate date in the charging instrument and the actual date proved at trial constituted a variance in this case. That is because, even if it was a variance, it was neither material nor prejudicial. As noted, defendant concedes that it was not material. As for prejudice, defendant might have preferred that the offense occurred on July 21, a date for which she had an alibi, but that does not establish prejudice. Defendant never claimed surprise that the theft took place on July 19. She would be hard pressed to do so when she received the date-stamped surveillance video over two months before trial, her attorney reviewed the police report before trial, and both the video and the police report indicate that the theft occurred on July 19. Nor has defendant ever argued that, if the charging instrument had said that the theft occurred precisely "on July 19," she would have put on a different defense at trial-such as an alibi for July 19-that she was not prepared to raise because the charging instrument said "on or about July 21."
We addressed a similar situation in State v. Neal , 73 Or. App. 816, 818-19, 699 P.2d 1171, rev. den. , 299 Or. 663, 704 P.2d 514 (1985). In Neal , which involved sexual abuse crimes, the "indictments charged that the offenses occurred on or about September 10, 1982, and on or about December 31, 1982." Id . at 818, 699 P.2d 1171. At trial, the state proved that the offenses occurred in "late August" 1982 and on December 26, 1982. Id . That is, the first criminal act occurred about two weeks *674 earlier than the approximate date in the indictment, and the second criminal act occurred five days earlier than the approximate date in the indictment. The defendant moved for judgment of acquittal, which the trial court denied. Id . We affirmed, citing the absence of prejudice to the defendant and stating, "Under these circumstances, the dates charged in the indictments were sufficiently close to the acts proved." Id . at 818-19, 699 P.2d 1171. Similarly, in this case, we reject defendant's argument that there was an impermissible variance between the charge that the theft occurred "on or about July 21" and the proof at trial that it occurred on July 19. If it a variance existed, it was neither material nor prejudicial.
The trial court did not err when it denied defendant's motion for judgment of acquittal.
Affirmed.

The state also argues that defendant did not preserve the argument that she makes on appeal. Although the parties used somewhat different terminology below, it is apparent from the record that the trial court understood defendant to be raising the same issue that she now raises on appeal and that the state responded to it. We conclude that the issue is adequately preserved. See State v. Parkins , 346 Or. 333, 341, 211 P.3d 262 (2009) ("Ultimately, the preservation rule is a practical one, and close calls * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been met.").