Argued February 22, affirmed April 2, reconsideration
denied May 8, petition for review denied May 22, 1979

STATE OF OREGON, *Respondent,*
*v.*
HECTOR MENDOZA CORIA, *Appellant.*
(No. 6997, CA 11814)
592 P2d 1057

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was indicted and convicted by a jury of three charges arising out of the same criminal episode: Count I, Criminal Activity in Drugs (transporting heroin), former ORS 167.207; Count II, Criminal Activity in Drugs (possession of heroin), former ORS 167.207; and Count III, Unlawful Possession of a Weapon, ORS 166.250. Following a jury verdict of guilty on all three charges the court merged Counts I and II and entered a judgment on Count I, transportion of heroin, and Count III, possession of a weapon. Defendant appeals, contending the court erred in denying a motion for judgment of acquittal of the two drug charges, in not appointing an impartial interpreter and in failing, on its own motion, to grant a judgment of acquittal on the weapons charge.

Defendant, who does not understand or speak English, left Umatilla, Oregon in the company of Roberto Garza to go to Los Angeles, California in Garza's automobile. Somewhere in California the car broke down. The two men then went to the home of Adolfo Cervantes in Corning, California. They both had known Cervantes when all three lived in Mexico. Defendant and Garza drove to Los Angeles in Cervantes' automobile.

Approximately one week later they returned to Cervantes' home. Cervantes agreed to go back to Umatilla with the two men in order that he could go to Washington to look for work. He testified he had no money but allowed them to use his car because they agreed to pay for the gas and help drive. During the trip Cervantes and Garza shared the driving duties and during part of the trip defendant rode in the rear seat.

An Oregon State Trooper observed the vehicle as it travelled on the freeway near Umatilla. He followed the vehicle because of information from the Drug Enforcement Agency that a vehicle matching this description had left Los Angeles with two Mexican

males and approximately 15 ounces of heroin.[1] He radioed for assistance and when it arrived he stopped the vehicle near Umatilla. At that time Garza was driving, defendant was seated in the right front seat and Cervantes was seated in the rear.

The three men were ordered to get out of the car one at a time. Garza got out immediately. Defendant delayed his exit for 30 seconds to a minute. During this time he bent down and moved from side to side. After defendant exited the vehicle Cervantes got out immediately.

The officers then proceeded to search the automobile. One officer sat down in the front passenger seat which had been occupied by defendant. He felt a hard object under the loose terry cloth covering of the seat. He lifted the cover and removed a pistol which was fully loaded with one round in the chamber. The gun was cocked ready for firing and the safety was off. In the search the officers discovered the right upholstery panel adjacent to the rear seat had been disturbed. They removed the panel and discovered a packet containing heroin. It was valued at approximately $90,000.

The three men were taken to the police station where defendant was interviewed by Deputy Sheriff Villarreal who spoke Spanish and English. Defendant gave a statement in which he denied any knowledge of the heroin. During trial Villarreal acted as an interpreter for defendant. Villarreal testified regarding the statement defendant had given him. During Villarreal's testimony another person was appointed and sworn as an interpreter. Defendant made no objection to Villarreal's acting as interpreter.

At the close of the state's case defendant moved for judgment of acquittal of the two drug charges. He

---

[1] The court instructed the jury that evidence regarding information from the Drug Enforcement Agency could only be used as an explanation of why the vehicle was stopped.

made no motion respecting the weapons charge. The motion was denied.

Defendant's first assignment is that the court erred in denying the motion for judgment of acquittal. He argues there was insufficient evidence that he was in actual or constructive possession of the heroin.

The fact defendant did not have actual possession of the heroin is not determinative of the issue. A person may have constructive as well as actual possession of contraband. *State v. Oare*, 249 Or 597, 439 P2d 885 (1968). To prove constructive possession the state must show the defendant knowingly exercised control of or the right to control the contraband. *State v. Krohn*, 15 Or App 63, 514 P2d 1359, (1973), *rev den* (1974). The right of control may be exercised jointly with other persons, it need not be exclusive in order for the defendant to be criminally responsible. *State v. Nehl*, 19 Or App 590, 528 P2d 555 (1974),rev den(1975). Constructive possession may be proven by circumstantial evidence. *State v. Ayers*, 16 Or App 300, 518 P2d 190, *rev den, cert den* 419 US 1093 (1974).

Defendant argues he was merely a passenger in the vehicle and had no right to exercise control of it or its contents. The evidence is susceptible of the conclusion that defendant was more than a mere passenger. He and Garza had journeyed from Umatilla to Corning where they borrowed Cervantes' car to continue their journey to Los Angeles. They kept the car for one week and upon their return to Cervantes' home picked him up and continued their return trip to Umatilla. From this evidence the jury could reasonably conclude that defendant and Garza were engaged in a joint endeavor to transport the narcotics from Los Angeles to Umatilla.

The jury could also conclude that Cervantes was not involved in the enterprise. He testified he was unemployed and did not have money to go to Oregon to look for a job. A person in this financial condition would be unlikely to allow two men to borrow his car for a week

long trip to Los Angeles if it at that time contained $90,000 worth of heroin.

The jury could also find defendant was in possession of a loaded weapon which was cocked and ready to fire. From this the jury would be entitled to infer defendant was ready to protect a valuable cargo secreted in the vehicle. We conclude there was sufficient evidence from which the jury could find beyond a reasonable doubt that defendant was in possession of the heroin.

The second assignment is that the court erred by not appointing an impartial interpreter for the defendant who did not speak or understand English. Defendant made no objection to the appointment of Villarreal as an interpreter. He argues we should take note of the issue because it is an egregious error on the face of the record.

Appointment of a suitable interpreter is within the discretion of the trial court. Exercise of this discretion is not abused merely because the interpreter is also a law enforcement officer. *Chee v. United States*, 449 F2d 747 (9th Cir 1971). There was no claim of actual bias or misconduct on the part of the interpreter. We decline to take notice of a claim of error not properly preserved by a timely objection in the trial court. *See United States v. Lozano*, 511 F2d 1 (7th Cir), *cert den* 423 US 850 (1975); *Gonzales v. State*, 372 A2d 191 (Del 1977).

In his final assignment of error, defendant contends the court should have granted a judgment of acquittal of the weapons charge. Although defendant moved for judgment of acquittal of the two drug charges he made no such motion respecting the weapons charge. A question not raised and preserved in the trial court will not be considered on appeal. *State v. Braley*, 224 Or 1, 355 P2d 467 (1960); *State v. Christmas*, 2 Or App 46, 465 P2d 748 (1970); *State v. Applegate,* 39 Or App 17, 591 P2d 371 (1979).

Affirmed.