Argued and submitted May 28, remanded for merger and for resentencing;
otherwise affirmed July 8, petition for review denied October 21, 2009
(347 Or 290)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JONATHEN LEYVA,
*Defendant-Appellant.*

Marion County Circuit Court
07C44608; A137106

211 P3d 968

Laura A. Frikert, Deputy Public Defender, argued the
cause for appellant. With her on the brief was Peter Gartlan,

Chief Defender, Appellate Division, Office of Public Defense Services.

Kailana Piimauna, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for two counts of delivery of a controlled substance. ORS 475.840(1). He assigns error to the denial of a motion for a judgment of acquittal on both counts and to the failure of the trial court to merge the two convictions. We conclude that the trial court did not err in denying the motion for a judgment of acquittal, but that the court did err in failing to merge the convictions. We therefore remand for merger and for resentencing, but otherwise affirm.

The relevant facts are not in dispute. Salem Police Officer Noack stopped a sport utility vehicle for careless driving; the vehicle had been traveling in excess of 45 miles per hour in a 25-miles-per-hour zone, and the driver had failed to signal when changing lanes. Noack approached the vehicle on the passenger side. Defendant was in the front passenger seat. Noack asked both defendant and the driver for identification. Defendant responded that the driver did not speak English and that the driver did not have identification. Noack walked around to the driver side of the vehicle and tapped on the window. The driver opened the door and, apparently intoxicated, fell out of the vehicle.

Two other officers arrived at the scene and took over the investigation of the driver, while Noack returned to defendant. Defendant explained to Noack that he and the driver had traveled from California together to visit some people in Oregon. Noack asked defendant for the driver's name several times. Initially, defendant told Noack that he did not know the driver's name. He later said that he knew only the driver's first name. Shortly after that, he acknowledged that he knew the driver's full name.

Meanwhile, the driver consented to a search of the vehicle. Noack asked defendant to step out of the vehicle, and the officer conducted a patdown. He found defendant in possession of $300 cash. In the vehicle, police found two large plastic garbage bags containing what turned out to be 20 pounds of fresh, cut marijuana. One bag was located in the back seat of the vehicle only partly covered by a bathrobe.

Another was in the rear cargo portion of the vehicle and contained four football-sized bundles of marijuana. The marijuana found inside the bags was packaged in layers of cellophane wrap, baby powder, and grease.

The driver pleaded guilty to delivery of marijuana. It was later determined that the driver had $20 in his pockets and that fingerprints found on the bags were his.

Defendant was charged with two counts of delivery of a controlled substance, one count for delivery of a substantial quantity of marijuana for consideration and the other count for a commercial drug offense. At the close of the state's case at trial, defendant moved for a judgment of acquittal, arguing that there was insufficient evidence connecting him with the two garbage bags of marijuana. The trial court denied the motion. A jury found defendant guilty, and the court entered a judgment of conviction on both counts.

On appeal, defendant first contends that the trial court erred in denying his motion for a judgment of acquittal. According to defendant, the state proved only that he was present in the vehicle where the marijuana was found. That, he contends, was insufficient to establish that he even possessed the marijuana, much less that he attempted to deliver it. The state responds that the evidence was sufficient to establish both defendant's constructive possession of the marijuana and his intent to deliver it.

■ On review of the denial of a motion for a judgment of acquittal, the question is whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

■■ ORS 475.840(1) provides that "it is unlawful for any person to manufacture or deliver a controlled substance." The term "delivery" is defined to mean "the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship." ORS 475.005(8). An attempt to deliver a controlled substance "constitutes the same crime as a completed transfer." *State v.*

*Fulmer*, 105 Or App 334, 336, 804 P2d 515 (1991). An attempt to commit a crime occurs if a person "intentionally engages in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405(1). Possession of a controlled substance with the intent to transfer it constitutes a substantial step toward the commission of the offense of delivery of a controlled substance. *State v. Rodriguez-Barrera*, 213 Or App 56, 59-60, 159 P3d 1201, *rev den*, 343 Or 224 (2007). The question in this case, then, is whether there was evidence sufficient to permit a rational trier of fact to find beyond a reasonable doubt that defendant possessed the marijuana with the intent to transfer it.

We begin with the question of possession. Proof of actual or constructive possession suffices. *State v. Sosa-Vasquez*, 158 Or App 445, 448, 974 P2d 701 (1999). A defendant constructively possesses something when he or she exercises control over it or has the right to do so. *State v. Fry*, 191 Or App 90, 93, 80 P3d 506 (2003). The defendant need not exercise exclusive control over the object. *State v. Coria*, 39 Or App 507, 511, 592 P2d 1057, *rev den*, 286 Or 449 (1979). A defendant's mere presence in the proximity of the object is not sufficient to establish a basis for inferring the right to control. *Fry*, 191 Or App at 93. There must be some evidence establishing a link between the defendant's presence near the object and his or her right to control it. *Id.* That link may be established by circumstantial evidence. *State v. Lupercio-Quezada*, 224 Or App 515, 521, 198 P3d 973 (2008).

In this case, defendant contends that the sole evidence linking him to the bags of marijuana was his "mere presence" in the passenger seat of the vehicle. According to defendant, under our decision in *Fry*, that is insufficient to establish control or right to control. The state responds that it established more than mere presence. We agree with the state.

In *Fry*, police found the defendant and three other individuals—DeFord, Rittenhouse, and Maron—inside a parked car. 191 Or App at 92. The defendant was sitting in the driver's seat. One of the officers observed two syringes sticking out of DeFord's sock. A second officer asked the defendant and the other passengers to step out of the car. As

Maron did so, a syringe fell out of the waistband of his pants. *Id.* Meanwhile, the officers found another syringe under the front passenger seat, where Rittenhouse had been sitting. *Id.* at 93. The syringes contained a substance that turned out to be methamphetamine. *Id.* at 92, 93. The defendant was charged with possession of a controlled substance; the state's theory was that he constructively possessed the syringes found on DeFord, Maron, and Rittenhouse. The defendant argued that there was no evidence linking him to the syringes found on the persons of the three passengers. *Id.* at 95-96. We agreed with the defendant:

> "The syringes obtained from Maron and DeFord were found on their persons; there is no evidence that the needles were being shared or that defendant otherwise had the right to [exercise] control over those syringes. * * *

> "The third syringe was found under the seat of the front passenger, Rittenhouse. There is nothing more than defendant's presence in the car to connect him to that syringe—no link between his proximity and some right to control."

*Id.* at 96.

■　　This case is clearly distinguishable from *Fry*. In this case, the controlled substance did not consist of small quantities contained in syringes found in the possession of another person. Rather, the controlled substance consisted of 20 pounds of marijuana stuffed into two garbage bags lying on the back seat and in the open and accessible cargo area of a sport utility vehicle in which defendant and the driver had been driving for a considerable distance—from California to Marion County, Oregon. Defendant lied to the police about the driver's identity, and he had a large quantity of cash in his pockets.

　　The facts of this case recall those in *Coria*, in which the defendant and two other individuals drove from Los Angeles, California, to Umatilla, Oregon. An Oregon state trooper stopped the vehicle near Umatilla. 39 Or App at 509-10. The defendant was in the passenger seat at the time of the stop. The trooper ordered the individuals out of the vehicle and searched it. The trooper found within the upholstery panel adjacent to the right rear seat of the vehicle a packet containing a pound of heroin. *Id.* at 510. The defendant was

charged with, among other things, possession of a controlled substance. At trial, he argued that there was no evidence that he was in actual or constructive possession of the heroin. *Id.* at 510-11. The trial court disagreed, and this court affirmed. "The evidence," we explained, "is susceptible of the conclusion that [the] defendant was more than a mere passenger." *Id.* at 511. Especially significant, we noted, was the fact that the defendant had traveled from Los Angeles to Umatilla, a journey of several days, which we said permitted a jury to find that the defendant and the others "were engaged in a joint endeavor to transport the narcotics from Los Angeles to Umatilla." *Id.*

We conclude that the evidence in this case was sufficient to support the inference that defendant constructively possessed the marijuana. We therefore turn to the question whether the evidence likewise supported a finding that he intended to deliver the drugs.

■      Intent to deliver may be shown by a defendant's possession of a controlled substance in a quantity not consistent with personal use, together with other items associated with the transfer of controlled substances, such as scales, large sums of cash, razor blades, and the like. *State v. Aguilar*, 96 Or App 506, 509-10, 773 P2d 17, *rev den*, 308 Or 315 (1989). The manner in which the drugs are packaged also can support an inference that a defendant intended to deliver them. *State v. Alvarez-Garcia*, 212 Or App 663, 667, 159 P3d 357 (2007).

■      In this case, the state produced evidence of a sizeable quantity of marijuana—20 pounds. Defendant does not contest that such a quantity is not consistent with personal use. There is evidence that defendant possessed a large quantity of cash. And there is evidence that the drugs were packaged in a manner consistent with an intent to deliver. We conclude that the foregoing evidence was sufficient to establish a basis for the jury's finding that defendant intended to transfer the marijuana. Accordingly, the trial court did not err in denying defendant's motion for a judgment of acquittal.

■      In his second assignment of error, defendant contends that the trial court erred in failing to merge the two convictions for delivery of a controlled substance, given that

both charges relate to the same delivery and the statutory elements of both offenses are the same. The state concedes the error. We agree that the court erred in failing to merge the convictions. *State v. Wright*, 150 Or App 159, 161, 163, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998) (trial court erred in failing to merge two convictions for delivery of a controlled substance, one based on substantial quantity and the other based on commercial drug offense).

Remanded for merger and for resentencing; otherwise affirmed.