Submitted October 28, 2014, affirmed April 22, petition for review denied July 30, 2015 (357 Or 596)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID SHERMAN, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
111235082; A153169

349 P3d 573

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals his convictions for one count of unlawful manufacture of cocaine, ORS 475.876; one count of unlawful delivery of cocaine, ORS 475.880(2); and one count of unlawful possession of cocaine, ORS 475.884. Defendant contends that the trial court erred in denying his motion for a judgment of acquittal based on its determination that a reasonable juror could conclude that he constructively possessed 5.67 grams of cocaine found in his codefendant's vagina. That quantity was added to the other cocaine found, which enhanced his criminal sentencing score on each offense. We agree with the trial court that a rational trier of fact could conclude that defendant jointly possessed the controlled substance found in his codefendant's body. Accordingly, we affirm.

We review the facts in the light most favorable to the state. *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999).

While conducting a month-long surveillance of an apartment for suspected illegal drug activity, police observed defendant at the apartment at least six times, in the early morning and late evening hours. Defendant was the account holder for the electricity to the apartment, which was rented by codefendant Dean. On the day when the police were preparing to execute a warrant to search the apartment and Dean's rental car, they observed defendant drive away from the apartment in the rental car, with Dean and a third person as passengers. The officers pursued the car, and defendant began to drive evasively, until an officer succeeded in pulling defendant over and arresting him. Upon his arrest, defendant yelled at Dean to "keep her mouth shut" and that they had been "set up." A female deputy searched Dean and found 5.67 grams—a "dealer amount"—of cocaine hidden in Dean's vagina.[1] During trial, another deputy testified that, in his experience, males involved in illegal drug sales will sometimes seek to insulate themselves from risk by enlisting females to conduct the actual drug transactions but will be present to receive the proceeds of drug sales.

---

[1] The record does not reveal the circumstances justifying the search of Dean's vagina.

Officers searched Dean's apartment pursuant to the warrant and found 33 bindles of packaged crack cocaine with a total weight of 5.65 grams in the pocket of a pair of men's pants. They also discovered personal papers belonging to defendant in a drawer near the pants. While in police custody, defendant admitted that he kept his clothes at the apartment. Officers also found materials used for manufacturing and packaging crack cocaine during the search.

Defendant was charged with unlawful manufacture, delivery, and possession of more than 10 grams of cocaine. Defendant moved for a judgment of acquittal on all counts, contending that the evidence was insufficient to support his conviction because no reasonable factfinder could conclude that he constructively possessed the 5.67 grams of cocaine found in Dean's vagina. The trial court denied the motion, determining that the state had offered sufficient evidence to support a finding that defendant jointly possessed the cocaine discovered in Dean's vagina. The jury convicted defendant on all three counts, and the court applied the requisite sentence enhancements for commercial drug offenses.

We review the denial of a motion for a judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

The issue in this case is whether the evidence is sufficient to allow a rational juror to conclude that defendant possessed more than 10 grams of cocaine. "Proof of actual or constructive possession suffices" to establish guilt of that crime. *State v. Leyva*, 229 Or App 479, 483, 211 P3d 968, *rev den*, 347 Or 290 (2009). "A defendant constructively possesses something when he or she exercises control over it or has the right to do so." *Id*. A defendant may exercise control jointly with other persons. *State v. Coria*, 39 Or App 507, 511, 592 P2d 1057, *rev den*, 286 Or 449 (1979). However, a defendant's "mere presence in the proximity of a controlled substance is not a sufficient basis from which to draw an inference of constructive possession." *State v. Fry*, 191 Or App 90, 93, 80 P3d 506 (2003). That inference is reasonable

"only if other evidence establishes a link between the defendant's presence where the drugs are found and his right to control those drugs." *Id.* Constructive possession "may be established by circumstantial evidence." *Leyva*, 229 Or App at 483. "A defendant's own statements can provide the necessary link." *Fry*, 191 Or App at 94.

Defendant argues that the evidence was insufficient to allow a jury to conclude that he constructively possessed the 5.67 grams of cocaine discovered in Dean's vagina. He acknowledges that the facts are similar to those in *Coria*, where we found that the defendant constructively possessed heroin discovered in a car in which he was a passenger. 39 Or App at 511. However, defendant argues that this case can be distinguished based on the location of the drugs. He contends that, because a person's vagina is a unique and personal space, the state should be required to show that he had the right to control the cocaine before it was hidden in Dean's body, which the state failed to do. The state argues that the circumstantial evidence proving that defendant was engaged in a joint endeavor to sell cocaine with Dean is sufficient to establish defendant's right to control the cocaine found in Dean's vagina. We agree with the state.

Our analysis in *Coria* is instructive. The defendant in that case drove with two other persons to deliver narcotics between California and Oregon. *Id.* A state trooper pulled over the car based on a description provided by the Drug Enforcement Agency and, upon searching the car, discovered heroin in an upholstery panel next to the rear seat. *Id.* at 509-10. The defendant, who was in the passenger seat at the time of the stop, argued that there was no evidence that he was in actual or constructive possession of the heroin. *Id.* at 510-11. In affirming the trial court's denial of his motion for a judgment of acquittal, we did not emphasize the location of the drugs in the car but rather focused on evidence that the defendant had traveled with the other two individuals for one week. We concluded that a reasonable factfinder could find that the defendant constructively possessed the drugs because he and the driver were "engaged in a joint endeavor to transport the narcotics from Los Angeles to Umatilla." *Id.* at 511.

Likewise, here, the state provided sufficient circumstantial evidence to distinguish this situation from one in which a person is merely present in the vicinity. Defendant is correct that hiding a controlled substance in a person's vagina is different than hiding it in a car panel. However, as in *Coria*, the state presented evidence indicating that defendant was participating with Dean in a joint drug-dealing enterprise. Additionally, a witness testified that males will sometimes insulate themselves from risk by having females engage in the actual drug transaction, while the male is still present to receive the proceeds. Consequently, a reasonable factfinder could infer that Dean, with defendant's knowledge, attempted to protect both of them by concealing the drugs in her body in order to hide the cocaine from the officers. Finally, after he was taken into custody, defendant shouted at Dean to "keep [her] mouth shut" and that they had been "set up," suggesting that he had knowledge that she possessed the drugs.

Moreover, the evidence that defendant was engaged in a drug-dealing enterprise with Dean supports an inference that they had joint control over the drugs concealed in her body. Dean's apartment was a hub for illegal drug activity, and the evidence indicates that defendant was living with her there. He kept his personal documents, paperwork, and clothing there as well. He was present during early morning and late afternoon hours at the apartment and the electricity account was in his name. Law enforcement discovered a similar amount of cocaine in defendant's pants in the apartment. Dean possessed the additional cocaine while she was a passenger in the car that defendant was driving, and defendant drove evasively after the officers began following the car.

The circumstantial evidence is sufficient to allow a reasonable factfinder to infer that defendant engaged in a drug enterprise with Dean and had a joint right to control the cocaine hidden in her vagina. Accordingly, the trial court did not err in denying the motion for a judgment of acquittal.

Affirmed.