Submitted June 25, 2015, affirmed September 8, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS JAY WILLIAMSON,
*Defendant-Appellant.*

Tillamook County Circuit Court
121211; A154487

381 P3d 967

Mari Garric Trevino, Judge.

Peter Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

## FLYNN, J.

Defendant appeals from a judgment of conviction for unlawful possession of a controlled substance (psilocybin mushrooms), ORS 475.752(3). He assigns error to the court's denial of his motion for a judgment of acquittal (MJOA) on that count.[1] We conclude that there is evidence to support the conviction on a theory that defendant aided and abetted others and, therefore, that the trial court correctly denied the MJOA. Accordingly, we affirm.

It is undisputed that defendant drove his friends Ryan and Kelly to the Bayocean Spit, where he remained while Ryan and Kelly spent several hours harvesting psilocybin mushrooms. As defendant drove his friends away from the Spit, they were stopped and arrested by police, who were looking for Kelly and had a tip that he had gone to the Spit with defendant and Ryan.

At trial, the state presented the jury with two theories under which it could find defendant guilty of possession of a controlled substance: that he either constructively possessed the mushrooms or aided and abetted Kelly and Ryan in their possession of mushrooms. *See* ORS 161.155(2)(b) (describing liability for the criminal conduct of another based on aiding and abetting); *State v. Fry,* 191 Or App 90, 93, 80 P3d 506 (2003) (either actual or constructive possession is sufficient to prove the crime of possession). The court instructed the jury on both theories, and the jury found him guilty of one count of unlawful possession of a controlled substance.

On appeal, defendant does not dispute that the court properly denied his MJOA if no rational juror could have found either that defendant constructively possessed the mushrooms or that he aided and abetted Kelly and Ryan in their possession of mushrooms. Defendant contends, however, that the evidence is insufficient to support his conviction on either theory. We review the trial court's denial of the MJOA "to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact

---

[1] The trial court granted defendant's motion for a judgment of acquittal on three other counts.

could have found the essential elements of the crime beyond a reasonable doubt." *State v. Sherman,* 270 Or App 459, 461, 349 P3d 573, *rev den,* 357 Or 596 (2015) (citing *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989)). Applying that standard, we conclude that there was evidence to support defendant's conviction on an aid and abet theory and, therefore, we do not address defendant's challenge to the evidence that he constructively possessed the mushrooms.[2]

A person is liable for a crime committed by another if, "[w]ith the intent to promote or facilitate the commission of the crime the person: * * * [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]" ORS 161.155(2)(b). We have explained that, "[a]lthough 'the least degree of concert or collusion between accomplices suffices' to establish culpability as an aider or abettor, mere presence or acquiescence alone are not sufficient." *State v. Burgess,* 240 Or App 641, 650, 251 P3d 765 (2011), *aff'd,* 352 Or 499, 287 P3d 1093 (2012) (quoting *State ex rel Juv. Dept. v. Holloway,* 102 Or App 553, 557, 795 P2d 589 (1990)).

Defendant raises two challenges to the state's proof that he aided and abetted his friends' crimes of unlawful possession. First, he argues that his act of driving Ryan and Kelly to the Spit to collect mushrooms cannot support a finding that he aided and abetted their unlawful possession because no rational jury could find that he knew Ryan and Kelly intended to collect mushrooms when they reached the Spit. Second, defendant argues that his act of driving Ryan and Kelly away from the Spit cannot support a finding that he aided and abetted their unlawful possession because Ryan and Kelly already possessed the mushrooms at the point defendant drove them away. We reject defendant's attempt to parse the evidence in this way and conclude that

---

[2] Defendant did not request a concurrent instruction, and we are not called upon in this case to consider whether the jury was properly instructed on the alternative theories. *See State v. Phillips,* 354 Or 598, 605-06, 317 P3d 236 (2013) ("[I]f the state seeks to hold a defendant liable either as the principal or as an aider and abettor and if a party requests an appropriate instruction, the trial court should instruct the jury that at least 10 jurors must agree on each legislatively defined element necessary to find the defendant liable under one theory or the other.").

the evidence as a whole permitted the jury to find that he aided and abetted the crime of possession.

A rational jury could find that defendant possessed the requisite "intent to promote or facilitate" the possession of the mushrooms when he drove Kelly and Ryan to the Spit, waited for them to collect mushrooms, and then drove them home. ORS 161.155(2). Although there is no direct evidence that defendant knew that either friend planned to pick mushrooms, the evidence permits an inference that defendant knew he was taking them to the Spit for that purpose. Specifically, the night before the mushroom outing, defendant sent Ryan a text message asking what Ryan was doing, and Ryan "openly told" defendant that Ryan was looking at mushrooms on the computer. The following morning, despite the fact it was a "nasty" December day, with rain, hail, and high winds, defendant picked up Ryan and then Kelly and drove them to the Spit and remained there with them for more than four hours until they were ready to be driven away. Moreover, from the fact that the police were told that Kelly was headed to the Spit with defendant and Ryan, a rational jury could infer that the three planned the trip together in advance. Although Ryan and Kelly testified that defendant did not know they were planning to collect mushrooms, a rational jury could find otherwise.

Affirmed.