No. 230          April 10, 2024          819

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY JUDD WADE BRIGGS,
*Defendant-Appellant.*

Malheur County Circuit Court
19CR11374; A178717

Lung S. Hung, Judge.

Submitted February 7, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals a judgment of conviction for one count of possession of methamphetamine. He argues that the trial court erred (1) in denying his motion to suppress evidence that police discovered in the car in which they found defendant and another occupant; and (2) in denying his motion for a judgment of acquittal on the possession charge. We affirm.

*Motion to suppress.* In his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence found in the car. Within that assignment, he advances two distinct arguments: First, defendant contends that police conducted an unlawful search when they directed him to get out of the car, which allowed police to view a baggie on the passenger seat that was otherwise obstructed while he was sitting on it. Second, he contends that a subsequent search of a black bag behind the passenger seat was not a lawful search incident to arrest because there was no exigency to justify it.

With respect to defendant's first argument, the state responds that defendant either waived or failed to preserve that issue for appeal. We disagree. Defendant's written motion to suppress included an argument that the state "ordering occupants out of a vehicle is a search," citing *State v. Finlay*, 170 Or App 359, 12 P3d 999 (2000). Although defendant at one point in the suppression hearing told the court that he was arguing that ordering him to exit the car constituted a seizure and not a search, he later clarified that he was, in fact, arguing under *Finlay* and *State v. Dorado*, 307 Or App 641, 647, 477 P3d 1209 (2020), that the order had resulted in an unlawful search. Defendant's arguments, viewed as a whole, were sufficient to put the trial court and the state on notice of the issue that defendant now raises on appeal: that police had conducted an unlawful search by ordering defendant to exit the car. *See State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009) (explaining that "the preservation rule is a practical one, and close calls *** inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served").

Turning to the merits of defendant's argument, we agree with the state that police did not violate Article I, section 9, of the Oregon Constitution when they directed him out of the car in connection with the arrest of the driver. At the time that defendant was awakened and told to exit the car, officers had observed a methamphetamine pipe with white residue in the center console; the driver of the car had denied ownership of that pipe and said that it was "probably his"—referring to defendant; with the consent of the driver, police had opened a green glasses case in the car that included methamphetamine and a second pipe; and the driver, who was on probation, had been arrested. In that context, police lawfully directed defendant out of the car so that they could collect the pipes that had already been discovered in the car in immediate proximity to the passenger seat. *See State v. Amaya*, 336 Or 616, 630-31, 89 P3d 1163 (2004) ("[A]n officer may take reasonable steps respecting the passengers, including, for example, asking the passengers to exit the vehicle so the officer may search the vehicle, assuming that the driver has consented to the search or that it otherwise is justified."). And, for that reason, this is not a case like *Finlay* or *Dorado* where police, without any lawful basis for the order, directed individuals to move in order to reveal something that was otherwise concealed. *Cf. Dorado*, 307 Or App at 647 ("[The officer's command to 'open the door' of his home]—without a lawful basis—compelled defendant to open the door. That was an unconstitutional search."); *Finlay*, 170 Or App at 364 ("[The officer] had no lawful basis to order defendant and his passenger from the car so that he could inspect the doorpost VIN. That is, [the officer] compelled defendant to open the car door to reveal that which was otherwise concealed.").

Defendant's second argument regarding the suppression motion is that police were not permitted to search a black bag found behind the passenger seat as a search incident to arrest without evidence that an exigency justified that search. Defendant acknowledges that we held otherwise in *State v. Krause*, 281 Or App 143, 146, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), but he urges us to overrule that decision as plainly wrong in light of then-existing case law and subsequent Supreme Court decisions. We

recently considered the same argument in *State v. Stevens*, 329 Or App 118, 126, 540 P3d 50 (2023), and we decline to overrule *Krause* for the reasons expressed in *Stevens*.

*Judgment of Acquittal.* In his second assignment, defendant argues that the trial court erred in denying his motion for a judgment of acquittal because the evidence was legally insufficient to prove that he possessed methamphetamine. We agree with the state that the evidence in this record—including that defendant was sitting on the baggie of methamphetamine—would allow a reasonable trier of fact to infer that defendant exercised control over the methamphetamine. *State v. Tacia*, 330 Or App 425, 431, 543 P3d 713 (2024) ("Constructive possession 'may be established by circumstantial evidence.'" (Quoting *State v. Leyva*, 229 Or App 479, 483, 211 P3d 968, *rev den*, 347 Or 290 (2009).)). The trial court did not err in denying the motion for a judgment of acquittal on the possession charge.

Affirmed.