No. 335 May 22, 2024 667

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GABINO BESARRA ACOSTA,
aka Gabino B. Acosta,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR48007; A179283

Kelly Skye, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals after a bench trial in which the court found him guilty of one count of felon in possession of a firearm, ORS 166.270. He raises two assignments of error: First, he argues that the trial court erred in denying his motion to suppress evidence; second, he argues that the trial court erred in denying his motion for a judgment of acquittal. We affirm.

*Motion to Suppress.* Defendant advances two separate arguments as to why the court erred in denying his motion to suppress. First, he argues that the state failed to establish that the officers who arrested him had probable cause to believe that he was a felon and therefore unable to lawfully possess a firearm. More specifically, he contends that officers had not confirmed that defendant, in fact, had a prior felony. Rather, he argues that the testimony in the record establishes only that police were aware of a return from the law enforcement database system (LEDS) that identified defendant as "a potential armed career criminal from the ATF" and to "contact the ATF if he was found in possession of a firearm."

We agree with the state that defendant did not preserve that issue for appeal. Nothing in defendant's suppression motion or arguments below would have put the trial court on notice that defendant was challenging the lawfulness of the arrest on that ground. Defendant had stipulated at the outset of the suppression hearing that he was a convicted felon, and it was evident during the hearing that the trial court understood the testifying officers to be referring to a LEDS return that reflected prior felony convictions. In explaining its ruling, the court stated, "Well, they had learned when they ran his—his records, they had already learned that he was a potential armed career criminal, *which means that he is not to be in possession of a firearm.*" (Emphasis added.) That factual issue did not appear to be in dispute, and defendant did not attempt to correct the trial court's characterization of the record. Yet, now on appeal, he asserts that the court was mistaken as to what "potential armed career criminal" meant. Because the trial court was not given an opportunity to address that contention

below, and the factual record may well have developed differently had the matter been raised, we decline to address it. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (explaining that preservation "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal," and "also ensures fairness to an opposing party, by permitting the opposing party to respond to a contention and by otherwise not taking the opposing party by surprise").

That leaves defendant's second argument regarding the motion to suppress: that a search incident to arrest must be justified by an exigency. Defendant acknowledges that we held otherwise in *State v. Krause*, 281 Or App 143, 146, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), but he urges us to overrule that decision as plainly wrong in light of then-existing case law and subsequent Supreme Court decisions. We recently considered and rejected the same argument in *State v. Stevens*, 329 Or App 118, 126, 540 P3d 50 (2023), and we decline to overrule *Krause* for the reasons expressed in *Stevens*.

*Motion for Judgment of Acquittal.* In his second assignment of error, defendant argues that the trial court erred in denying his motion for a judgment of acquittal because the evidence was legally insufficient to prove that he constructively possessed a firearm found in the vehicle. *See State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999) ("To prove constructive possession, the state must prove that a defendant knowingly exercised control over, or had the right to control, the contraband."). We agree with the state that the evidence in this record—including that the firearm was in a vehicle that defendant owned and was driving alone, was in a visible location, only partially obscured by a bag in the row behind defendant, and that defendant reached for the bag and placed his hand on it to pull it toward him even after an officer ordered him to stop—would allow a reasonable trier of fact to infer that defendant knew the firearm was there and knowingly exercised control over it. *See State v. Tacia*, 330 Or App 425, 431, 543 P3d 713 (2024) ("Constructive possession 'may be established by circumstantial evidence.'"

(Quoting *State v. Leyva*, 229 Or App 479, 483, 211 P3d 968, *rev den*, 347 Or 290 (2009).)). The trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.