Submitted May 21; conviction on Count 1 reversed, remanded for resentencing, otherwise affirmed September 22, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY MICHAEL KULICK,
*Defendant-Appellant.*

Yamhill County Circuit Court
19CR31633; A172826

497 P3d 789

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894 (Count 1). He assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) on that count. The state responds that the court did not err, because a rational trier of fact could infer that defendant constructively possessed the methamphetamine discovered in the car that defendant was driving at the time he was stopped. *Held*: Because the evidence in this case did not establish the necessary link between defendant's presence in the car and his right to control the methamphetamine found in the car's center console, the trial court erred in denying defendant's MJOA as to Count 1.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.

Jennifer K. Chapman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.

Armstrong, P. J., dissenting.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894 (Count 1), and second-degree failure to appear, ORS 162.195 (Count 2). Defendant does not challenge his conviction on Count 2. Rather, regarding Count 1, defendant argues that the evidence was insufficient to prove that he unlawfully possessed methamphetamine, and, therefore, the trial court erred in denying his motion for judgment of acquittal (MJOA) on that count. We agree with defendant; we reverse defendant's conviction on Count 1, remand for resentencing, and otherwise affirm.

"When reviewing a motion for a judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found that the state proved the essential elements of the crime beyond a reasonable doubt." *State v. White*, 211 Or App 210, 212, 154 P3d 124, *clarified on recons*, 213 Or App 584, 162 P3d 336, *rev den*, 343 Or 224 (2007). In accordance with that standard, we state the following facts.

Police officers stopped defendant for driving a car with expired tags. Defendant was "polite and cooperative," and he explained to the officers that the car belonged to his girlfriend, who had purchased the car through Facebook about five to six weeks earlier. Defendant's girlfriend had not yet titled, registered, or insured the car.

After a brief discussion with defendant, the officers obtained defendant's consent to search the car. During that search, one officer found a "straw with a white crystalline substance inside" in the car's center console. The center console was "a storage compartment with a lid" and "fold up little cubby things." Neither officer recalled where in the center console they found the straw.

The officer asked defendant if he knew what the straw was. Defendant responded that he knew it was a "tooter"—a straw used for "pouring" methamphetamine "into your pipe"—because "that's what him and his girlfriend use" when they would occasionally use methamphetamine

at home on weekends "when the kids were away." Defendant told the officers that "he didn't know [the tooter] was in the vehicle," that he would not have consented to the search had he known it was there, and that the tooter "was not his, but that his girlfriend has kids, so he would take responsibility for it."

Defendant was subsequently charged with, among other offenses, unlawful possession of methamphetamine, ORS 475.894 (Count 1). At defendant's bench trial, the state's theory was that defendant constructively possessed the methamphetamine tooter found in the center console of his girlfriend's car. After the state rested, defendant moved for a judgment of acquittal on Count 1, arguing that the state had not met its evidentiary burden with respect to its constructive possession theory. The trial court denied defendant's MJOA and ultimately found defendant guilty.

On appeal, defendant argues that the trial court erred in denying his MJOA on Count 1, because "the record shows only mere proximity to the drugs, [and] it does not permit an inference that defendant constructively possessed them." In response, the state argues that the trial court ruled correctly, because "a rational trier of fact could infer that defendant had constructive possession of the methamphetamine."

"To prove constructive possession, the state must prove that a defendant knowingly exercised control over, or had the right to control, the contraband." *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999). "Evidence that contraband is found in quarters owned or occupied by a defendant can be sufficient to allow the inference that he or she has a right to control that contraband." *Id.* However, a defendant's "mere presence in the proximity of a controlled substance is not a sufficient basis from which to draw an inference of constructive possession." *State v. Fry*, 191 Or App 90, 93, 80 P3d 506 (2003). And an inference of constructive possession "is reasonable only if other evidence establishes a link between the defendant's presence where the drugs are found and his right to control those drugs." *Id.*

Here, we are presented with a close case. But, having reviewed the record and examined the relevant case law,

we conclude that the evidence in this case—viewed in the light most favorable to the state—does not establish the necessary link between defendant's presence in his girlfriend's car and his right to control the methamphetamine tooter found in the center console.

In reaching that conclusion, we are cognizant that "each case presenting a question of evidentiary sufficiency must necessarily turn on its own record." *State v. Borden*, 307 Or App 526, 532, 476 P3d 979 (2020). But we note that the facts of this case are similar to the facts in *Fry*, 191 Or App at 96-97 (evidence was insufficient to prove the defendant's constructive possession of methamphetamine syringe discovered in stopped car where the defendant was in the driver's seat; the methamphetamine syringe was discovered under the front passenger seat; the defendant did not own the car; there was no evidence that the defendant had recently used or was under the influence of methamphetamine; the defendant made no admissions as to drug use in the car; and there were no characteristics of the methamphetamine syringe suggesting that the defendant had used, or had the right to use, that syringe), and the facts in *Borden*, 307 Or App at 531-32 (evidence was insufficient to prove the defendant's constructive possession of methamphetamine where the defendant did not own the car; there was no evidence that the defendant regularly rode or spent time in the car; the methamphetamine was discovered "in the middle underneath" the passenger seat in which the defendant was seated—a "location that would not be visible" to the defendant; there was no evidence that the defendant herself placed the methamphetamine under the seat; there was no evidence to support inference that the defendant had been told about the methamphetamine under her seat; and there was no evidence that the defendant used methamphetamine while in the car or recently).

Similarly, in this case, defendant did not own the car that he was driving when the stop occurred. There was also no evidence that defendant regularly drove, rode in, or accessed the car; inferring such a fact from his mere possession of his girlfriend's car on this single occasion requires too great an inferential leap. *See State v. Bivins*, 191 Or App 460, 466-68, 83 P3d 379 (2004) (Evidence is insufficient to

support an inference when it "requires too great an inferential leap—that is, when the logic is too strained" or when it "requires the stacking of inferences to the point of speculation." (Citation and internal quotation marks omitted.)). In addition, the tooter was discovered inside the center console—a place obscured from defendant's sight by a lid. There was no evidence that defendant himself had placed the tooter in the car. And there was also no evidence that defendant had used, or was under the influence of, methamphetamine while he was in the car. Nor was there evidence linking defendant's past methamphetamine use with the tooter's presence in his girlfriend's car.

As for the remaining facts established by the state—*i.e.*, defendant's proximity to the tooter and his statement to the officer that he knew what a tooter was based on his past methamphetamine use—those facts do not support an inference beyond a reasonable doubt that defendant knowingly exercised control over, or had the right to control, the tooter. *See State v. Bell*, 220 Or App 266, 270, 185 P3d 541 (2008) (An inferred fact "must be one that a rational factfinder can be convinced follows beyond a reasonable doubt from the underlying facts."). Such an inference is likewise unsupported by defendant's statement that the tooter "was not his, but that his girlfriend has kids, so he would take responsibility for it." That is because defendant's offer to assume criminal *responsibility for* the tooter after it was discovered—even viewed in the light most favorable to the state—does not support an inference beyond a reasonable doubt that defendant therefore had *control over* the tooter, much less that defendant had even known the tooter was in the car, prior to its discovery by the officers.

In short, the evidence in this case—as in *Fry* and *Borden*—is insufficient to support a finding beyond a reasonable doubt that defendant constructively possessed the methamphetamine tooter discovered in the center console of his girlfriend's car. Therefore, we reverse the conviction for possession of methamphetamine.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.

**ARMSTRONG, P. J.,** dissenting.

I disagree with the majority's conclusion that the evidence presented by the state was insufficient to allow the trial court to find that defendant constructively possessed methamphetamine. I therefore dissent from the majority's conclusion that the trial court erred in denying defendant's motion for a judgment of acquittal.

The facts are largely undisputed. Police officers stopped defendant for a traffic violation. During their consent search of the car, officers opened the console next to the driver's seat and found a "tooter"—a plastic straw with a burnt end, commonly used with methamphetamine. The tooter contained a white crystalline substance that later tested positive for methamphetamine. Defendant denied owning the tooter or knowing that it was there but told the officers that he knew the tooter would contain methamphetamine, because that's what he and his girlfriend use when they regularly smoke methamphetamine. He also told the officers that he would "take responsibility" for it. After denying defendant's motion for a judgment of acquittal, the trial court convicted defendant of possession of methamphetamine on the theory that the contraband was in his constructive possession.

In our review of the trial court's denial of defendant's motion for judgment of acquittal, we determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the elements of the crime proved beyond a reasonable doubt. *State v. Casey*, 346 Or 54, 56, 203 P3d 202 (2009); *see State v. Hopkins*, 305 Or App 425, 426, 469 P3d 238 (2020), *rev den*, 367 Or 559 (2021) (We will reverse a trial court's denial of a motion for judgment of acquittal "only where no rational trier of fact could find all of the elements of the crime beyond a reasonable doubt."). We resolve any conflicts in the evidence in favor of the state, giving the state the benefit of all reasonable inferences that properly may be drawn and accepting all reasonable credibility choices. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 341 (1994), *cert den*, 514 US 1005 (1995).

To prove constructive possession of contraband, the state was required to present evidence from which the trial

court could infer that the defendant knowingly exercised control over, or had the right to control, the contraband. *State v. Stradley*, 258 Or App 10, 14-15, 308 P3d 284 (2013). Evidence that contraband was in a place that the defendant occupied is sufficient to support an inference that the defendant had a right to control it. *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999). When contraband is found in a vehicle that the defendant occupies, that inference is reasonable if "some facts" link the defendant's presence in the vehicle to his right to control the drugs. *State v. Sanchez-Anderson*, 300 Or App 767, 774, 455 P3d 531 (2019) ("[]here the state seeks to prove that a person in a vehicle possessed drugs found in that vehicle, an inference of constructive possession is reasonable only if some facts link the defendant's presence in the vehicle where the drugs were observed to the defendant's right to control those drugs." (Quoting *State v. Keller*, 280 Or App 249, 254, 380 P3d 1144 (2016).); *State v. Miller*, 157 Or App 489, 492, 972 P2d 896 (1998), *rev den*, 328 Or 365 (1999).

Viewing the evidence and all reasonable inferences in the light most favorable to the state, I would conclude that there were "some facts" from which the trial court could infer that defendant had the right to control the methamphetamine that was in the console of the car he was driving. As the driver of the car, defendant had actual physical control of the console and its contents. Defendant's constructive possession—his right to control the tooter and the methamphetamine it contained—can be inferred from his close physical proximity and control of the console as the vehicle's driver, his admission that he and his girlfriend regularly smoke methamphetamine, and his decision to "take responsibility." That evidence permitted the trial court to find that the state had established the element of constructive possession beyond a reasonable doubt. I would conclude for that reason that the trial court did not err in denying defendant's motion for a judgment of acquittal. I therefore dissent.