***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted March 28; conviction on Count 4 reversed, remanded for
resentencing, otherwise affirmed September 8, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
MATTHEW THOMAS JAGGI,
*Defendant-Appellant.*

Malheur County Circuit Court
18CR31690; A173415

Erin K. Landis, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Mark E. Seepe, Jr., Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Conviction on Count 4 reversed; remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for one count of second-degree murder, ORS 163.115 (Count 1), one count of conspiracy to commit murder, ORS 161.450(2)(a) (Count 2), one count of unlawful use of a weapon, ORS 166.220 (Count 3), and one count of unlawful possession of a destructive device, ORS 166.382 (Count 4). In his only assignment of error, he argues that the trial court erred when it denied his motion for judgment of acquittal on the charge of unlawful possession of a destructive device. We conclude that the trial court erred. Accordingly, we reverse defendant's conviction on Count 4, remand for resentencing, and otherwise affirm.

When reviewing a denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact could find each element of the charged offense beyond a reasonable doubt. *State v. Stradley*, 258 Or App 10, 12, 308 P3d 284 (2013).

With regard to the unlawful possession of a destructive device charge, the state's theory was that defendant was in "constructive possession" of the destructive device. In the state's view, evidence of the following supports that theory: Defendant's friend got into a dispute with the victim over a drug deal and enlisted defendant and others to resolve the dispute by either paying the victim or killing him; after obtaining a pistol and sawed-off shotgun in preparation to confront the victim, defendant's co-conspirators picked up defendant in a vehicle; during an ensuing confrontation with the victim, defendant shot and killed the victim; later, when questioned by the police three days after the murder, defendant told the police that a bag containing explosives— which were later identified as modified M-80 firecrackers belonging to a co-conspirator—were in the vehicle that was used during the confrontation with the victim.

On appeal, the state argues that the trial court did not err in denying defendant's motion for a judgment of acquittal because a rational trier of fact could determine that defendant was in constructive possession of the destructive device. That is so, the state argues, because defendant was

aware of the destructive device and was involved in a "common criminal enterprise" with the owner of the destructive device.

For the state to prove constructive possession under ORS 161.015(9), the defendant must have knowingly exercised control of or had the right to control the contraband. *State v. Wrisley*, 138 Or App 344, 348, 909 P2d 877 (1995), *rev dismissed*, 327 Or 521 (1998). The right of control does not need to be exclusive for the defendant to be criminally responsible. *Id*. The state can meet its burden by showing the explosives were "available" for defendant's use. *State v. Beeman*, 290 Or App 429, 432, 417 P3d 541, *rev den*, 363 Or 119 (2018).

We conclude the evidence in this case is insufficient to support a finding beyond a reasonable doubt that defendant constructively possessed the destructive device found in the vehicle. Although defendant became aware of the destructive device at some point, even viewing the record in the light most favorable to the state, there is no evidence that the criminal conspiracy involved use of the modified M-80 firecrackers or that they were otherwise available for defendant's use. *Cf. Wrisley*, 138 Or App at 349 (evidence was legally sufficient that the defendant was in constructive possession of a shotgun where the defendant was part of a conspiracy to commit armed robbery with two individuals, all three were in a vehicle, and the two individuals were, at various times, in physical possession of the shotgun and "passing it around the backseat"); *State v. Marsh*, 78 Or App 290, 294, 716 P2d 261, *rev den*, 301 Or 320 (1986) (constructive possession over a firearm was demonstrated by the defendant's admission that a firearm in a vehicle was available for his use). Nor is there evidence from which a factfinder could infer beyond a reasonable doubt that defendant knew about the modified M-80 firecrackers before, as opposed to after, he shot the victim. *State v. Bell*, 220 Or App 266, 270, 185 P3d 541 (2008) (an inferred fact "must be one that a rational factfinder can be convinced follows beyond a reasonable doubt from the underlying facts").

In short, the evidence does not support an inference beyond a reasonable doubt that defendant knowingly

exercised control over or had the right to control the destructive device as was required for the state to meet its burden to prove constructive possession. *State v. Kulick*, 314 Or App 680, 684, 497 P3d 789 (2021). Consequently, the trial court erred when it denied defendant's motion for a judgment of acquittal on Count 4.

Conviction on Count 4 reversed; remanded for resentencing; otherwise affirmed.